## THE BRANCH BANK AT DECATUR v. DONELSON,
### Administratrix.

1. The absence of an administrator from the State, will not prevent the bar of the statute of non-claim, after it has commenced running. Whether the removal of the administrator from the State, would not justify the revocation of his authority, *quere*.

Writ of Error to the County Court of Lauderdale.

This was an action of assumpsit at the suit of the plaintiff in error, against the defendant, upon the indorsement of her intestate, on a bill of which he was the payee. Among other pleas, the defendant pleaded that the claim sued on was not presented to her within the time prescribed by the statute; to which the plaintiff replied, that the defendant removed beyond the limits of this State within less than eighteen months after the grant of administration to her, and immediately on her return, this suit was instituted. The defendant demurred to the replication, and her demurrer was sustained. Judgment being rendered for the defendant, the plaintiff has sued a writ of error, and insists that the county court erred in the decision of the question of law arising upon this statement of facts.

J. A. Nooe and J. S. Kennedy, for the plaintiff in error.
L. P. Walker, for the defendant in error.

COLLIER, C. J.—By a statute passed in 1815, it is enacted that "all claims against the estates of deceased persons shall be presented to the executor or administrator, within eighteen months after the same shall have accrued, or within eighteen months after the passing of this act, or within eighteen months after letters testamentary or letters of administration shall have been granted to said executor or administrator, and not after; and all claims not presented within the

time aforesaid, shall be forever barred from a recovery: provided, that the provisions of this section shall not extend to persons under age, *femes covert*, persons insane, or *non compos mentis*, to debts contracted out of this State, nor to claims of heirs or legatees claiming as such." [Clay's Dig. 195, § 17.] The terms of this statute are emphatic, and impose upon the creditor the necessity of presenting his claim to the executor or administrator within eighteen months after letters testamentary or of administration shall have been granted; unless he can bring himself or his claim within some one of the exceptions contained in the proviso. It is not pretended that the presentation of the plaintiff's demand is excused by the terms of the act, but insisted that as this is a statute of limitations, the time of the absence of the administratrix beyond the State cannot be computed in her favor.

It has been so often ruled as to be now a legal axiom, that where the statute of limitations has commenced running, no subsequent disability can arrest its progress. [1 Johns. Rep. 165; 1 Bibb's Rep. 257; 3 Conn. Rep. 395; 6 Munf. Rep. 352; 6 Johns. Ch. Rep. 372; 4 How. Rep. 31; 8 Ala. Rep. 253; Kirby's Rep. 299.] We must look to the exceptions which the legislature have prescribed, and the inhibitions it has imposed upon the creditor's right to sue, as furnishing the only restrictions upon the generality of this rule. If a statute enacts that a certain form of action, or liability shall not be sued after a limited period, the withdrawal of the debtor from the State after the cause of action had once accrued, would not for the time being stop its continued operation. It is only because the act of limitations declares the time of absence shall be deducted, that the deduction is allowed in favor of the creditor. But the statute of non-claim makes no such provision; and this court cannot, without assuming a power which appropriately pertains to another department of the government, decide that that enactment was suspended in its effect during the absence of the administratrix in another State. The pleadings indicate she was (as indeed she should have been) in the county from which she derived her authority, when administration was granted. Assimilating then, the act in question to the statute of limitations, and it is clear that it began to run; and the plaintiff not bringing it

within any recognized exception, it continued to run on, until it consummated the bar.

Whether the orphans' court should commit the administration of an estate to a non-resident, or whether the removal of an administrator abroad would not justify the revocation of his authority, are questions which do not arise. So long as the grant of administration continues in force, the defendant must be regarded as the legal representative of the estate. As she resided abroad, it may be that less strictness would have been required in order to make the presentment of a claim against the estate available—and perhaps a notice communicated by mail, would in such case be *prima facie* sufficient. [5 Smedes & M. Rep. 651.] But we must determine the cause as it is presented by the record. Thus considering it, the ruling of the circuit court is agreeable to law; and its judgment is consequently affirmed.