## LOWE'S ADM'R v. JONES.

1. When the statute of non-claim begins to run, it will continue, notwith standing the administrator removes from the State, and continues absent, until the bar is perfect.

2. An administrator died within two months after grant of letters to him, and after a considerable time, a successor was appointed, to whom, fourteen months after his appointment, presentment of a claim was made: Held, that although there were but sixteen months during which there was an administrator in existence, to whom the claim could be presented, yet, as more than eighteen months had elapsed from the time the statute began to run, the bar was complete.

Error to the Circuit Court of Madison. Before the Hon. G. W. Lane.

ACTION of debt, by defendant in error, against Ferdinand L. Hammond, administrator on the estate of George A. Lowe, the plaintiff in error, on two bills single, executed by one Key and the said Lowe in his life time; one dated the 10th, and the other the 11th December, 1830, and payable one day after date. The writ issued on the 5th August, 1846. The administrator pleaded in short, by consent, that on the 9th day of July, 1838, letters of administration were granted on the estate of his intestate, by the county court of Madison, to one David Lowe, who then and there qualified as administrator, and that the bills single were not presented to said David, nor to his successor, the present administrator, within eighteen months, &c.

Vol. 15—69

The defendant in error replied in short, by consent, " that said David Lowe, administrator as aforesaid, immediately after obtaining his letters of administration as aforesaid, and qualifying as administrator, left the State of Alabama, and within two years after he obtained said letters, departed this life, without returning to this State, and that no successor of said David Lowe, in said administration, was appointed until the grant of letters to the defendant, on the 7th day of July, 1842 ; and that the bills single, in the declaration mentioned, were presented to him on the 8th September, 1843." To this replication, the plaintiff in error demurred, but his demurrer was overruled, and this is now assigned as error.

ROBINSON, for plaintiff.

The fact set up in the replication, the absence of the administrator from the State, is not sufficient to prevent the bar of the statute of non-claim, relied on in the plea. Branch Bank at Decatur v. Donelson, adm'r, 12 Ala. Rep. 741.

S. PARSONS, for the defendant.

The statute of non-claim ought not to be a bar in this case, because the administrator, forthwith after his appointment, left the State, and remained away until he died. He thus prevented a presentation by his own act ; and like an endorser in similar cases, should not claim advantage of his own act. The statute of non-claim was not intended to have effect in cases where a presentation is impracticable, for any cause, not attributable to the creditor ; especially if it arise from the act of the administrator. Angel on Lim. 1st ed. 290 ; Hemmenway v. Gates, 5 Pick. 321 ; Hutchinson v. Tolls, 2 Porter, 44.

CHILTON, J.—The error assigned in this case, is, that the circuit court overruled a demurrer to the replication of the plaintiff, to the plea of the statute of non-claim.

The replication which is pleaded in short, by consent, avers " that the said David Lowe, administrator as aforesaid, immediately after obtaining his letters of administration as aforesaid, and qualifying as such administrator, left the state of Alabama, and within two months after he obtained his

said letters of administration, died without returning to this State ; and the plaintiff further says, that no successor of said David Lowe, in said administration, was appointed, until the grant of letters to the defendant, on the 7th day of July, 1842, and that the bonds described in the plaintiff's declaration, were presented to the defendant on the 8th day of September, 1843."

It appeared by the plea, that letters of administration were granted on the estate of David Lowe, on the 9th day of July, 1838 ; so that more than four years elapsed from the first grant of letters, to the time of presenting the claim.

The statute declares, that claims shall be presented within eighteen months after the grant of letters, &c. Digest, 195, § 17. But it is insisted by counsel, that the statute did not run, as the administrator, immediately after his appointment, left the State. This point is concluded by the decision of this court, in the case of the Branch Bank at Decatur v. Donelson's adm'r, 12 Ala. Rep. 741.

Another question, however, comes up. It is this. The first administrator died within two months from the grant of letters to him. His successor had been appointed only fourteen months before the presentation of the claims, and adding the two months of the first administration to the fourteen of his successor, they make only sixteen months during which there was an administrator in existence, to whom the presentation of the claims in suit could have been made. Should the intervening time, when there was no administrator upon the estate, be counted, in computing the time for the statutory bar ?

The general rule, in respect to the statute of limitations, undoubtedly is, that when it once begins to run, it continues, notwithstanding an intervening disability to sue. The same rule, by analogy, we think, should apply to the statute of non-claim. It is true, that exceptions have, by a kind of judicial legislation, been engrafted on this rule, and which have been so long and uniformly acted upon, as to become authoritative upon the courts. But we are not disposed to carry these exceptions further than they have already been settled by previous adjudications. The case at bar does not fall within any of them. The statute is peremptory, and

makes no saving or exception in cases where the administrator leaves the State or dies. One of the objects of its enactment was, doubtless, to speed the settlement of the estates of deceased persons, and to compel the presentation of claims against estates at an early period after the grant of letters, when the persons interested in contesting them would be the better able to test their justness, and to adduce their proof. The construction which we place upon it, favors this object, and certainly conforms to the letter of the statute.

. The case of Hemenway v. Gates. 5 Pick. Rep. 321, was decided upon a statute of Massachusetts, which we have not been able to find, limiting the time of bringing actions against administrators, to four years. The court held, that the administrator, *de bonis non*, could not connect his administration with that of the original administrator, who had died, so as to make out the four years, but must himself have been administrator for four years from the grant of letters to him. However correct the decision may be, as a construction of their statute, we do not regard it as an authority requiring the construction contended for of our statute of nonclaim. Were such rule adopted here, where administration of estates are so often changed, the whole policy of the act would, in many cases, be defeated ; for if none of the previous administrators had retained their fiduciary character for eighteen months, the statute would create no bar, though twenty years had elapsed from the first grant of letters. It would thus often happen, that the statute of limitations would bar a claim, which would not be barred by the statute of non-claim, although the latter statute requires the lapse of only one-fourth the time required by the former to render the bar complete.

The exclusion of the six months, within which time no suit is allowed to be brought against an administrator after grant of letters to him, in computing the time required to perfect a bar under the general statute of limitations, seems to result as a consequence of the statute. The plaintiff in such case, could not, by any act of his, assert his remedy in the six months which are thus excluded. Not so in regard to the statute of non-claim. The creditor can have an administrator appointed, or can apply himself in certain cases,

so that there is no impossibility as to the presentation of his claim, when he has it in his power to render it practicable. And in this consists the distinction between the case at bar and the case cited by the counsel, of Hutchison v. Tolls, 2 Porter's Rep. 44.

Our conclusion is, that the replication was bad, and the demurrer should have been sustained. Let the case be reversed and remanded.