L. E. WILLIAMSON, Plaintiff in Error, *v.* A. W. ANTHONY, ADMINISTRATOR, ETC., OF THE ESTATE OF W. P. COOKSEY, Defendant in Error.

1. *Administrator, claim brought into court by, and allowed without appointment of any one to defend, substantially a filing of claim.*—An administrator, within a year after taking out his letters, presented to the probate judge a claim against the estate. Without appointing "a suitable person to appear and manage the defense," the probate judge passed upon it. Some four years afterward, the error in the allowance being discovered, the claim was again called up and rejected as being barred by the statute of limitations. *Held,* that although such proceeding, so far as the judgment was concerned, was clearly irregular and perhaps void, yet, inasmuch as it showed that the administrator acted in good faith, and that he brought his demand into court, it would be construed as amounting to an exhibition of the demand within two years, within the meaning of the statute (Wagn. Stat. 102, § 2), so as to prevent the barring of the claim by limitation.

Although, in a technical sense, the claim might not be considered as filed in the manner called for by section 24, p. 105, Wagn. Stat., it substantially and sufficiently met the requisitions of the law.

*Error to First District Court.*

*Draffen & Muir,* with *Campbell,* for plaintiff in error.

I. The plaintiff in error, Williamson, was sole administrator of Cooksey's estate, and he complied strictly with the statute in prosecuting his demand to the Probate Court. He presented it to the court at the December Term, 1864, within one year after the grant of his letters, as is shown by the records. And although the court may have omitted to appoint a competent person on the presentation of the demand to protect the interest of said estate, as is directed by the statute, still the appellant did his duty and the court did not. (See Wagn. Stat., art. IV, p. 105, § 24.)

II. If the Probate Court allowed the claim in question without first having appointed a suitable person to defend the estate, its action was erroneous. Still it was the act of the court, and the right of the appellant should not suffer by reason of the court's neglect or omission.

III. As to the claim of plaintiff in error, until some person had been appointed to defend the estate there was no person that

could be sued, and when this is the case the statute of limitations will not run. (39 Mo. 292.)

*A. W. Anthony*, for defendant in error.

The administrator did not file his claim and other papers as required by the law. No person was appointed by the court to represent or defend the estate. The court, therefore, acquired no jurisdiction. There was a defect of parties, or rather no party defendant, and the entry of allowance of plaintiff's claim was a nullity. (26 Mo. 65.) Being a nugatory act, debarring plaintiff from no right, and placing him under no disability, the statute of limitation runs. (26 Mo. 483 ; 31 Mo. 95.) The statute began to run against plaintiff's claim, February 2, 1858, and nothing stopped it. (13 Mo. 159 ; 12 Mo. 238.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff was administrator of the estate of W. P. Cooksey, and in 1865, one year after taking out letters, presented to the probate judge a claim against the estate for some $1500, founded upon a note of decedent. Without appointing a "suitable person to appear and manage the defense," the probate judge passed upon it, in all other respects, regularly, and assigned it to the fifth class. Some four years afterward, the error in the former allowance being discovered, the matter was again brought before the court, when defendant was appointed to defend ; the statute limiting the presentation of claims against estates was interposed, the claim was rejected, and the case is brought here through the intermediate courts.

The first proceeding, so far as the judgment was concerned, was clearly irregular, and perhaps void. But it does not necessarily follow that it will in no manner avail the plaintiff. It shows that he acted in good faith, that he brought his demand into court, and the vice of the judgment is less his fault than that of the court. The statute (Wagn. Stat. 105, § 24) provides that an administrator having a demand against the estate may proceed against his co-administrator, or, if there be none, that "he file his claim and other papers," and that the court appoint a suitable

person to defend. Admitting that the administrator, like others, is limited to two years within which to exhibit his demand, the only question to be considered is whether the original irregular proceedings amounted to such exhibition and application for allowance. We think it ought in common justice be so considered. The court was mistaken in the law, and supposed, doubtless, that this demand should be treated as an ordinary one, and the plaintiff was probably misled by the court. While men must be held responsible for their ignorance of the law, and will not be excused for disregarding its provisions, still their errors, when acting in good faith, will be viewed with liberality, and a substantial compliance be held sufficient. In referring to the claim, the transcript first speaks of it as " having been exhibited at the March Term, 1865, of this court," and the certificate of allowance indorsed upon the note is dated "March Term, 1865," and the entry of allowance upon the record shows at least that the note was in court. The claimant, then, complied with his duty so far as to bring in his note and deliver the same to the probate judge for his action. This may not be a filing of the claim in a technical sense, yet there is no evidence that it was not regularly placed away in the files.

If the claim was properly filed, it is not claimed that the delay in acting upon it prejudiced the right of recovery. We think that justice requires that the judgment of the Circuit Court, disallowing the demand, should be reversed and the cause remanded to that court, with directions to try the case as though the claim had been filed in the Probate Court at its March Term, 1865. The other judges concur.