# Beasley's Administrator *v.* Waugh & Wife.

*Bill in Equity for Account, by Wife's against Husband's Adminis trator.*

*Non-claim; when statute runs.* — The statute of non-claim (Rev. Code, § 2239) runs against the estate of a deceased creditor, although letters of administration on his estate are not granted until after the lapse of eighteen months from the grant of administration on the estate of the deceased debtor.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed on the 25th June, 1870, by Claiborne Wigglesworth, as the administrator of the estate of Mrs. Margaret Beasley, deceased, against James L. Waugh and wife, as the personal representatives of the estate of John Beasley, deceased, who was the husband of the complainant's intestate; and sought an account of a legacy bequeathed to Mrs. Beasley by her father's will, which her said husband had received. Mrs. Beasley died in 1857, but no administration was granted on her estate until 1870. John Beasley died in the latter part of the year 1864, and letters of administration on his estate were granted in 1865. The defendants pleaded the statute of non-claim, and the chancellor sustained the plea, and dismissed the bill. The chancellor's decree is now assigned as error.

ELMORE & GUNTER, for appellant. — A claim cannot be said to accrue, until it accrues to some person; in other words, until there is a person *in esse* capable of suing. Angell on Limitations, § 55; *Murray* v. *East India Company*, 5 B. & Ald. 204; 4 Day, 476. The old statute of non-claim, which used the same words as the present, received this construction. *Johnson* v. *Wren*, 3 Stew. 172; *Neil* v. *Cunningham's Executor*, 2 Porter, 171; also, *Hopper* v. *Steele*, 18 Ala. 831.

STONE & CLOPTON, *contra.* — The court cannot add any exceptions to those specifically enumerated in the statute. Rev. Code, §§ 2239–40; *Br. Bank at Decatur* v. *Hawkins*, 12 Ala. 755; *Br. Bank at Montgomery* v. *Plannett's Adm'r*, 37 Ala. 222; *Gordon* v. *Ballentine's Adm'r*, at the last term.

PETERS, C. J. — There is but a single question arising in this case. This involves the construction of the statute of non-claim.

The statute of non-claim, in favor of the estate of a deceased person, begins to take effect as soon as a personal representative of the deceased is duly appointed and qualified, or as soon as the claim against the estate has accrued after such appointment. I quote the language of the Code creating this bar. It is in these words: "All claims against the estate of a deceased person must be presented within eighteen months after the same have accrued, or within eighteen months after the grant of letters testamentary, or of administration; and if not presented within that time, are forever barred." Rev. Code, § 2239. To this general rule there are several exceptions, in favor of certain named persons, laboring under certain disabilities, until such disabilities are removed. Rev. Code, § 2240. Besides

[Baptiste *v.* Peters.]

these exceptions, there are none others mentioned in the statute. If other exceptions are supplied, they must be added by the court. This the court cannot do. *Br. Bank at Decatur* v. *Hawkins*, 12 Ala. 755 ; *Br. Bank at Decatur* v. *Donelson*, 12 Ala. 741 ; *Thrash* v. *Sumwalt*, 5 Ala. 13 ; *Bank of Montgomery* v. *Plannett's Adm'r*, 37 Ala. 222. The appellant seeks to avoid the effect of these decisions, upon the ground that the complainant below is but an administrator of the estate of the deceased, and that the appointment was not made in time to present the claims sued for within the time which created a bar under the statute ; in other words, that the distributees and creditors, who are represented by the appellant, were not represented by an administrator within the eighteen months which created the bar. This is not a sufficient answer to the plea of non-claim. The statute does not make any such exception. It was the fault of the persons, whether creditors or distributees of Mrs. Beasley's estate, that no representative of her estate was duly appointed. They delayed till their rights were barred, and they must suffer the consequences. This is not analogous to the case of the statute of limitations, where there is no representative that can be sued. Here, the claims could have been presented, or filed in lieu of it, to the representative of the deceased, who had been duly appointed. The decree of the court below, dismissing the bill, was proper.

The judgment of the court below is affirmed, with costs.

