# Daniel v. Day.

### Statutory Real Action in Nature of Ejectment.

1. *What law governs as to limitation of action.* — Causes of action accruing prior to the 17th January, 1853, and possessions commencing before that day, are not governed by the statute of limitations prescribed by the Code (Rev. Code, § 2926), but by the statute which was of force at the time when they accrued or commenced.

2. *Exception to statute of limitations, in favor of infants ; recovery by part of plaintiffs.* — In ejectment, or a statutory real action in the nature of ejectment, by several tenants in common, all of whom were infants when their right of action accrued (Rev. Code, § 2910), only those can recover who had not attained their majority three years before the commencement of the action.

3. *Statute not suspended by death.* — When the statute of limitations has commenced to run against a person in his lifetime, his death does not suspend its operation against his heirs.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. WM. L. WHITLOCK.

This action was brought by Alfred Day and others, children and heirs-at-law of Calvin Day, deceased, against James H. Daniel, to recover the possession of the northwest quarter of the southwest quarter of section two (2), in township nine (9), range nine (9) east, in said county, together with damages for its detention ; and was commenced on the 11th November, 1871. The complaint was in the form prescribed in the Revised Code (page 677), " for the recovery of lands, or the possession thereof, in the nature of an action of eject-

[Daniel *v.* Day.]

ment," except that it averred the possession of the plaintiffs' ancestor, Calvin Day, instead of their own possession. The defendant pleaded: 1st, not guilty; 2d, the statute of limitations of ten years; and, 3d, the statute of limitations of twenty years; and issue was joined on all these pleas. On the trial, as is shown by the bill of exceptions, which purports to set out all the evidence adduced, the plaintiffs introduced a certified copy of a patent from the United States to their ancestor, Calvin Day, for the land in controversy; which was dated the 1st September, 1849, and was founded on a certificate of entry by him at the land-office, dated the 2d November, 1846; and they proved the death of said Calvin Day, "about the year 1853," and that they were his children and heirs. The defendant claimed under Wyatt Day, whose deposition he took and read in evidence, and who testified, that he furnished the money with which Calvin Day entered the land, under an agreement to enter it for him; that Calvin Day never claimed the land, and was never in possession of it; that he himself entered into the possession of the land about the 1st December, 1846, claiming it as his own, and continued in the uninterrupted possession until 1853, when he sold it to the defendant, and put him in possession, and executed a conveyance to him in 1855; and the defendant continued in the uninterrupted possession, from that time until the commencement of this suit. The defendant produced the original patent from the United States to Calvin Day, which had been delivered to Wyatt Day, as he testified, by one Wiley Day, on the written order of said Calvin Day, dated the 9th April, 1850, in these words: "Please to let Wyatt Day have all the papers you have in your hands of mine, for the lands that I entered, and oblige yours," &c. One of the plaintiffs was still a minor at the commencement of the action, and sued by his next friend, and the oldest was twenty-seven years old.

"The court charged the jury, among other things, that if, from the evidence, they believed that the defendant, and those under whom he claimed, had been in the peaceable possession of said land, with a claim of right, for twenty years before the commencement of this suit, the plaintiffs' right of action would be barred, unless some of them were infants; and if any of them were infants, they would have three years added to the twenty, if the twenty years run during their minority; in other words, if any of them were minors, twenty years' adverse possession, with claim of right, would not bar them, for such minors had three years after their majority, within which to bring their suit."

The defendant excepted to this charge, and requested the

[Daniel v. Day.]

court to instruct the jury as follows : 1. " If the jury believe that the defendant and Wyatt Day, under whom he claims, have held peaceable, continuous, adverse possession of said land, for more than twenty years, claiming it as their own, notwithstanding plaintiffs, or some of them, may have been infants, then plaintiffs' right of action is barred, since no disability will extend the period of limitation so as to allow the action to be brought after the lapse of twenty years from the time the cause of action accrued." 2. " If the jury believe, from the evidence, that the defendant and those under whom he claims have held the lands adversely, under a claim of title, for ten years, and that some of the plaintiffs were more than twenty-four years old when this action was commenced, then, so many of them as were of such age cannot recover, and those that can recover, can only recover their *pro rata* share of said land."

The court refused these charges, and the defendant excepted to their refusal ; and he now assigns as error the charge given, and the refusal of the charges asked.

S. K. McSPADDEN, TURNLEY & SON, and CARDEN & DANIEL, for appellant.

J. B. WALDEN & SON, *contra*.

B. F. SAFFOLD, J. — The errors assigned relate to the application of the statute of limitations. The parties and the court below seem to have been under the impression that the case was governed by the limitations prescribed by the Revised Code. But section 2926 (R. C.) confines such limitations to causes of action accruing, and possessions commencing, on or after the 17th day of January, 1853, the day on which the Code of 1853 went into operation ; and continues in force the statutes of limitations existing at that time, in respect to causes of action accruing, and possessions commencing, prior to that time. Twenty years did not intervene between the commencement of this suit and the date of the Code, as above mentioned. But ten years did elapse, and the allowance of three years after the termination of the disability of infancy, as prescribed by section 2910 (R. C.), was applicable. For this reason, the second charge asked by the defendant was properly refused. If the adverse possession of the defendant, or of Wyatt Day, be deemed to have commenced in 1846, or at any time prior to the 17th January, 1853, the statute of limitations of 1843 applies. Clay's Digest, 329, § 93. And if the statute began to run against Calvin Day himself, it would not cease to run against his heirs on account of his death. *Caldwell* v.

[Gafford v. Stearns.]

*Thorpe*, 8 Ala. 253 ; *Br. Bank at Decatur* v. *Donelson*, 12 Ala. 741 ; *Lowe's Adm'r* v. *Jones*, 15 Ala. 545.

The judgment is reversed, and the cause remanded.