NOÉMI L. HICKS, EXECUTRIX OF L. A. LABEAUME, Respondent, v. WILLIAM C. JAMISON, ADMINISTRATOR OF H. T. BLOW, Appellant.

### March 1, 1881.

1. Under the statute of 1865, a demand against an estate could not be exhibited after the lapse of two years; but where the claim was exhibited within two years, it might be presented to the court for allowance during the third year.

2. Where a statute can be construed consistently with the literal meaning of the words used, the courts will not give it another construction, on the theory of a legislative mistake.

3. The demand must be exhibited in substantial compliance with the statute, by giving the administrator unmistakable notice that the claim is exhibited with a view to making it a charge against the estate.

The provision of the statute as to the exhibition of a demand is enacted from motives of public policy, and cannot be waived by the administrator.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Reversed, and judgment.*

CLINE, JAMISON & DAY, for the appellant, cited : *Spaulding* v. *Suss*, 4 Mo. App. 542 ; *Greenbaum* v. *Elliott*, 60 Mo. 25.

GLOVER & SHEPLEY, for the respondent, cited : *North* v. *Walker*, 66 Mo. 453 ; *Pheiffer* v. *Suss*, 5 Mo. App. 590 ; *Williamson* v. *Anthony*, 47 Mo. 299.

BAKEWELL, J., delivered the opinion of the court.

It appears from the evidence in this case that Blow died in August, 1875, and letters of administration, dated October 13, 1875, were granted to Jamison, who duly gave the notice required by the statute. Blow, at the time of his death, owed Labeaume an amount of money represented by a principal note of $20,000, payable ten years after date, and semi-annual interest-notes, at the rate of eight per cent per annum. These notes were all dated November 19, 1868. Labeaume lived in France. Booth was the agent of Labeaume, and attended to his business in St. Louis. All the interest-notes maturing before Blow's death had been duly paid. Shortly after the grant of letters, Jamison received a letter from Booth stating that a note of Blow's would be due to Labeaume on November 19th. Jamison then went to Booth to find out what the note was, and Booth showed him the notes and deed of trust made by Blow, and explained to him about the transaction. There were at that time seven unpaid interest-notes. Jamison paid the November interest-note, and the other interest-notes up to and including that due in November, 1877. After that, he paid no other of the notes. In January, 1876, Jamison proposed to Booth that he would pay the whole debt, to stop interest. Booth said he would write to Labeaume about it ; and he did so, and received an answer from Labeaume declining to receive the money before the maturity of the note. Jamison says that nothing whatever was said about proving up the claim or asserting it against the estate, at any time within two years from the date of

his letters.  On December 15, 1877, and after Jamison had published notice of final settlement, the present action was begun, by presenting the demand in the Probate Court. The claim embraces the principal note for $20,000, and the two interest-notes of $800 each, at one hundred and fourteen and one hundred and twenty months respectively.  Jamison waived notice.  The Probate Court refused to allow the claim.  On trial anew in the Circuit Court, there was judgment in favor of the executrix of Labeaume for the amount claimed.

There is no controversy as to the facts.  Under the law in force at the time (Wag. Stats. 102, sects. 5, 6), the demand might be exhibited by notice to the administrator within two years, and where the demand had been thus exhibited, it might be proved within three years from the granting of letters.  The law is now otherwise.  In the revision of 1879, the sixth section of chapter 123 of the General Statutes of 1865 was amended by changing the word " three " into " two."  It is contended by counsel for appellant that this verbal change really made no change in the law ; that before the change was made, the word " three " in this section ought to have been read " two ; " that the effect of the changes in the act made in the revision of 1865 was to provide clearly, according to the intention of the Legislature, sufficiently manifested in the act, that demands must be proved within two years ; and that the word " three " was left in sect. 6 by a manifest oversight on the part of the Legislature.

It is, of course, possible that the Legislature made a mistake, and that it had an intention, as appellant's counsel contends, in accordance with which " three " should have been changed into " two," as was subsequently done in the revision of 1879.  But it does not appear that there is any repugnancy.  The law is capable of a consistent construction without reading " two " for " three " in section 6 ; and if there was a mistake, the courts cannot correct it.  *Fair-*

*child* v. *Hall Assn.*, 71 Mo. 526.  "It is for the Legislature to correct errors in the statutes, or repeal impolitic acts. Where the provisions of a law are inconsistent and contradictory to each other, or a literal construction of a single section would conflict with every other preceding or following it, and with the entire scope and manifest intent of the act, it is certainly the duty of the courts, if it be possible, to harmonize the various provisions with each other; and to effect this, it may be necessary to depart from a literal construction of one or more sections," to quote the language of Judge Napton in *The State to use* v. *Heman*, 70 Mo. 451; but no such case is presented here.   The word "three" may be retained in section 6 without absolutely contradicting other provisions of the law. .

In 1855 the law was, that the notice of the administrator should state that if claims be not exhibited to the administrator for allowance within three years from the date of letters, they shall be barred; that all demands exhibited after two years, and within three years after the grant of letters, shall be placed in the seventh class; that all demands not exhibited within three years shall be barred; that any person may exhibit his demand by notice to the administrator, and that no claimant shall derive any benefit from such exhibition of the claim unless he present his demand to the Probate Court within three years from the grant of letters.   Rev. Stats. 1855, p. 151, sects. 1–6; p. 131, sect. 19.

In the revision of 1865, the law was amended.   The section as to notice by the administrator is amended so as to read, that if claims be not exhibited to the administrator within two years from the time of publication of notice, they shall be barred.   Rev. Stats. 1865, p. 491, sect. 19.   The provision as to placing demands exhibited after two years, and within three years, in the seventh class, is omitted.   Section 2 is made to read, that all demands not thus exhibited within two years shall be barred.   But sec-

tions 5 and 6 remain unchanged. Under the law of 1865, therefore, there can be no exhibition of the claim to the administrator after the lapse of two years ; but the creditor who exhibits his demand before the end of the second year may present the claim to the court for allowance during the third year. This is the language of the law. We do not see how it is possible for the courts to construe away the plain words of section 6 of the law of 1865, upon which creditors of the estate had a right to rely. The Supreme Court, in *North* v. *Walker*, 66 Mo. 463, takes it for granted that there is a statutory bar of two years under section 2 of the law of 1865, and of three years under section 6 of that law. And so, in *Spaulding* v. *Suss*, 4 Mo. App. 552, this court, in speaking of the law of 1865, takes it that under section 6 there may be proof, during the third year of administration, of a demand exhibited to the administrator before the end of the second year. In *Greenabaum* v. *Elliott*, 60 Mo. 32, the court speaks of the two years bar of the statute of 1865. Dewey, the original administrator in that case, took charge on January 3, 1866, and on the 20th of that month published notice that demands must be presented within three years. "At that time," says Judge Wagner, " three years was the limitation for allowing and classifying demands against an estate. In August, 1866, the statutes of 1865 took effect, limiting the time of allowance and classification to two years. * * * The present demand was not exhibited for allowance until November 25, 1871. It will thus be seen that more than two years had run from the time the cause of action had accrued until it was presented. The demand accrued November 18, 1869, and at that time the two years limitation was in force." In that case the claim was barred for non-exhibition to the administrator within two years, and not for non-presentation to the court for allowance. It is, of course, plain that non-presentation to the administrator within two years was fatal after the changes made in the statute in 1865 went into

effect; but it is not intimated in the opinion that, had the claim been exhibited within two years, it might not have been proved within three years. There was no such question before the court in that case.

The law being that a demand exhibited within two years might be proved within three years (and we cannot otherwise interpret the statute of 1865), the question to be determined is, whether there was a sufficient exhibition of the demand to the administrator within the first two years of administration. The language of the statute is that " any person may exhibit his demand against such estate by serving upon the executor or administrator a notice in writing stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded, and such claim shall be considered legally exhibited from the time of serving such notice." It is held that there may be a sufficient exhibition of the claim to save the bar by limitation, without a strict compliance with the exact provision of the statute. It is enough that there has been a substantial compliance, accepted as sufficient by the Probate Court passing upon the claim. *Williamson* v. *Anthony*, 47 Mo. 299. But in the case just cited, as well as in *North* v. *Walker*, 66 Mo. 453, the notice was of such a character that the administrator could not be mistaken as to the intention to present the claim for allowance against the estate, and the claimant was led by declarations or acts of the judge of probate to believe that no other notice was required. In *Pfeiffer* v. *Suss*, 5 Mo. App. 591, the claimant did actually serve the administrator with a notice in writing, stating the amount and nature of the claim, with a copy of the account. Nor could there be any doubt in that case that the administrator was given to understand that the claim as exhibited was to be prosecuted against the estate. The notes in the case at bar were secured by real estate; the holder of them declined to receive payment of them before maturity, evidently because he considered

the investment a good one. It does not appear that any-
thing was said to the administrator of Blow at the time he
was shown the notes, or at any other time, from which he
would infer that the notes were shown to him for the pur-
pose of exhibiting them for allowance; or that, so far as
the notes here in question are concerned, the holder of them
looked to the estate for their payment. It might very well
be that he expected the interest-notes to be paid by the ad-
ministrator during the administration, but that he intended
to look to the realty alone for payment of the principal note,
and of such interest-notes as should remain unpaid when
the administration was closed. After very careful consider-
ation of the subject in *Spaulding* v. *Suss, supra,* we arrived
at the conclusion that the intention of the administration law
is, that the administrator should have plain and unmistak-
able notice that the claim is exhibited with a view to making
it a charge against the estate; that the provision is enacted
from motives of public policy, and is one which cannot be
waived by the administrator.

We are of the opinion that there was no substantial com-
pliance with the statute as to the exhibition of the demand,
and that the Probate Court properly rejected the demand.
The judgment of the Circuit Court should therefore be re-
versed, and judgment will be entered in this court for
defendant. All the judges concur.