# Lee *v.* Wood.

*Action on Official Bond of Probate Judge, for taking Insufficient Sureties on Administration Bond.*

1. *Statute of limitations as against infant, in favor of probate judge and sureties.*—The statute of limitations in favor of a probate judge, for taking insufficient sureties on an administration bond, commences to run against an infant who, suing by his guardian, obtained a fruitless decree against the administrator, at least from the rendition of the decree, and in favor of his sureties from the same date; and the running of the statute is not suspended, because the guardian afterwards made a final settlement and resigned, during the minority of the infant, and no other guardian was appointed.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Mrs. Ida Lee, a married woman, suing by next friend as an infant, against W. C. Wood, the probate judge of the county, and the sureties on his official bond; and was commenced on the 4th March, 1887. The official bond on which the suit was founded, and which was set out in the complaint, was dated the 20th July, 1868, and was conditioned as required by the statute. The breach assigned was the official act of said probate judge in accepting and approving the bond of C. N. Carpenter, as administrator of the estate of W. A. Carpenter, deceased, with only two sureties, both of whom were at the time insolvent; whereby, plaintiff, who was a distributee of the estate of said W. A. Carpenter, having obtained a decree against said administrator on final settlement of his accounts, was unable to collect the same, and it was wholly lost to her. The administrator's bond was dated and approved on the 13th October, 1870, and was in the penal sum of $5,000. The final settlement of his administration was made on the 8th March, 1875; and a decree for $699.09 was rendered in favor of B. A. Hill, as guardian of Ida Carpenter, the plaintiff in this action. The defendants separately pleaded the statutes of limitations of six and ten years; to which the plaintiff replied her infancy. In its several rulings on the pleadings, which were carried to a sur-rejoinder, the court sustained the plea of the statute of limitations; and these rulings are now assigned as error.

[Lee v. Wood.]

P. N. HICKMAN, and W. D. Roberts, for the appellant, cited Tyler on Infancy, §§ 109, 113; Wait's Actions & Defenses, vol. 7, pp. 272, 280; Code, § 2624; *Burford v. Steele*, 80 Ala, 146; *Moore v. Wallis*, 18 Ala. 458.

M. N. CARLISLE, and GAMBLE & GAMBLE, *contra*, cited *Colburn v. Broughton*, 9 Ala. 351; *Bryan v. Weems*, 29 Ala. 423; *Rivers v. Flinn*, 47 Ala. 481; *Fretwell v. McLemore*, 52 Ala. 136; *Caldwell v. Tharp*, 8 Ala. 253; *Br. Bank v. Donelson*, 12 Ala. 741; *Lewis v. Jones*, 15 Ala. 545.

STONE, C. J.—Willis C. Wood was qualified as judge of probate of Pike county July 20, 1868, the other defendants being sureties on his bond as such judge. On October 13, 1870, he appointed C. N. Carpenter administrator of the estate of W. A. Carpenter, deceased, and approved his bond as such. Ida Lee, *nee* Carpenter, is the child and distributee of W. A. Carpenter, entitled to share in his estate. When this suit was brought she was still a minor, though married. B. A. Hill became guardian of Ida Carpenter, and afterwards in March, 1875, C. N. Carpenter came to a settlement of his administration, and a decree was rendered against him as such administrator, for the distributive share of said Ida. This decree was rendered in favor of Hill as guardian, and has not been collected. Two years after this Hill ceased to be guardian, and Ida has had no guardian since that time. The present suit was commenced March 4, 1887, and seeks to charge Wood and his sureties for approving the administration bond of C. N. Carpenter, with insufficient sureties. The defense is the statute of limitations; ten years in the case of Wood, and six years as to his sureties.—Code of 1886, §§ 2614, 2615. The sole question is, whether the statute commenced to run from the date of the decree in favor of Hill as guardian.

As a general rule, statutes of limitations do not run against those laboring under a personal liability, such as infancy.—Code, § 2624.

This rule, however, does not apply to infants, or other persons disabled, who have a trustee capable of suing. *Bryan v. Weems*, 29 Ala. 423; *Riggs v. Fuller*, 54 Ala. 141; *Molton v. Henderson*, 62 Ala. 426; *Martin v. Tally*, 72 Ala. 23; *Darnell v. Adams*, 13 B. Mon. 273; 7 Wait's Act. & Def. 280.

When the statute begins to run, no supervening disability

intercepts it.—*Doe, ex dem. v. Thorpe*, 8 Ala. 253; *Branch Bank v. Donelson*, 12 Ala. 741. *Lowe v. Jones*, 15 Ala. 545; 7 Wait's Act. & Def. 272.

The statute of limitations commenced to run against the guardian, or trustee, at the least, in March, 1875, and, by force of the rule above declared, against the *cestui que trust*, or ward, at the same time.—*Fretwell v. McLemore*, 52 Ala. 124. The claim sued on was barred as to each of the defendants before the suit was brought.

Affirmed.