[No. 1381.]

J. M. DOUGLASS, RESPONDENT, v. L. D. FOLSOM, ADMIN-
ISTRATOR OF THE ESTATE OF C. C. STEVENSON,
DECEASED, APPELLANT.

DECEDENT'S ESTATES—NOTICE TO CREDITORS.—It is unnecessary that
the notice to be given by an executor or an administrator to the
creditors of an estate should specify whether the place where the
claims are to be presented is his place of residence or his place of
business.

IDEM—PRESENTATION OF CLAIMS.—Claims against an estate may be
legally presented at the place where the notice directs them to be
presented, without regard to whether the executor or administrator
is there to receive them. His absence from the state makes no differ-
ence in this rule.

IDEM—DELIVERY OF CLAIM TO ATTORNEY OF ESTATE.—Under the stat-
utes of Nevada it is not a sufficient presentation of such a claim to
hand it to the " attorney for the estate;" at least not without showing
that it actually reached the administratrix within the proper time
for the presentation of claims.

IDEM—ATTORNEY FOR ESTATE.—There is no such officer as an attorney
of record, or attorney generally for an estate. An attorney's employ-
ment with reference to an estate must always be in a particular
matter, and with that matter his legal connection with the estate ends.

(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada,
Ormsby county.

*Richard Rising*, District Judge.

The facts sufficiently appear in the opinion.

*J. L. Wines* and *Trenmor Coffin*, for Appellant.

I. If the presentation of the claim to the attorney of the estate
be held to be a presentation authorized by law, it was barred
before suit was commenced. It was handed to the attorney on
August 14, 1891, and ten days expired on August 24, 1891,
without the claim having been acted upon and it became re-
jected under the statute. Suit was brought on January 5,
1892, more than three months after the claim was rejected.
The suit cannot be maintained because not brought within
time. (*Benedict* v. *Hoggin*, 2 Cal. 386.)

II. Claims against an estate must be presented at the place
designated in the notice to creditors unless such presentation
is waived by the personal representative of the estate. The

claim in question was never presented at such place and the administratrix never waived such presentation. The requirements of the statute governing the presentations of claims are mandatory. (*Zackary* v. *Chambers*, 1 Oregon 321.)

III.   A claim against an estate cannot be legally presented to an attorney for the estate or an attorney for the executor. (Redfield's Surrogate Prac. 524; McClellan's Probate Prac. 228; *Whitmoore* v. *Foose*, 1 Denio 159; *Hardy* v. *Ames*, 47 Barb. 413.) The claim must be presented to the personal representative of the estate.   In the presentation of claims against an estate the statute must in all cases be strictly pursued. (*Pico* v. *De La Guerra*, 18 Cal. 422; *Perkins* v. *Onyett*, 86 Cal. 349; *Mc Whorter* v. *Donald*, 39 Miss. 779; Redfield's Surrogate Prac. 531; *Elliott* v. *Cronks, Adm.*, 13 Wend. 39; *Hoyt* v. *Bonnett*, 50 N. Y. 538.) Proper presentation is a condition precedent to the right to maintain an action upon a claim. (*Dodson* v. *Nevitt*, 5 Mont. 518; *Eustace* v. *Jahns*, 38 Cal. 3.)

*F. M. Huffaker*, for Respondent.

I.   The object of all legislation on the subject of presentation of claims against an estate is to have the claims brought to the attention of the executor or administrator.   The administratrix being absent from the state the presentation of the claim to the attorney of the estate to be delivered to her was a sufficient presentation.   The administratrix had knowledge of the claim and the source of such knowledge is immaterial. (*Perry* v. *Administrator*, 40 Miss. 233; *Ward* v. *Durham*, 134 Ill. 201.)

II.   The notice to creditors failed to specify either the residence or the place of business of the administratrix as required by the statute.   It did show that Mr. Coffin was the attorney of the estate and represented the administratrix.   The presentation of the claim to him while at Virginia City transacting business of the estate was sufficient, especially so because of her absence from the state. (*Bollinger* v. *Manning*, 79 Cal. 12; *Roddan* v. *Doane*, 92 Cal. 556.)

III.   The claim was not barred.   Plaintiff did not elect to treat failure to act upon the claim as a rejection.   To consider a claim as rejected by reason of failure to act upon it is an option of the creditor and not a limitation in favor of the estate. (*Steward* v. *Hinkel*, 72 Cal. 189.)

By the Court, BIGELOW, J.:

The only question necessary to be considered in this case is that concerning the presentation of the plaintiff's claim to the executrix. The record shows that on April 20, 1891, she duly published a notice requiring "all persons having claims against the said deceased to exhibit them, with the necessary vouchers, within four months after the first publication of this notice, to the said executrix, at the residence of John G. Fox, in Carson City, Ormsby county, Nevada. Dated April 20, 1891." [Signed] "Ellen M. Stevenson, Executrix of the estate of C. C. Stevenson, deceased. T. Coffin, Attorney for the Estate."

This notice was sufficient. The statute (Stats. 1891, p. 105) does not require that the notice shall specify whether the place where the claims are to be exhibited is the place of the executor's residence, or the place for the transaction of his business, but only that the designated place shall in fact be one or the other. The only purpose of this provision was to fix some convenient place for the presentation of the claims, where the executor or administrator would be most likely to be found, or if not found there, where the claims could be left for him. Neither the letter nor the spirit of the act requires that the notice shall state which character the designated place bears. (*Hoyt* v. *Bonnett*, 58 Barb. 529; S. C. 50, N. Y. 542.)

The plaintiff's claim was not in fact presented to the executrix nor was it presented at the place designated in the notice, but was handed to Trenmor Coffin, as the attorney for the estate, in Virginia City, where he was temporarily upon business. The plaintiff's attorney testified that when he presented the claim to Coffin he told him that if it was paid without delay the plaintiff would deduct two thousand five hundred dollars therefrom. Coffin gave a slightly different version of this conversation, but not differing in any point material to this decision, He also testified that soon after this he was taken sick, and did not communicate with or see the executrix until the 15th or 20th of December of that year—long after the period for presentation of claims had expired- -when he told her of the offer made by the plaintiff, which she refused to accept. That the claim was never presented or shown by him to the executrix, but upon her refusal to accept the plaintiff's offer he returned it to the plaintiff's attorney, with a statement to that effect. If we reject this testimony as untrue, then there is nothing to show

that the executrix ever knew anything about the claim until the commencement of the action; so this would not help the plaintiff's case any.

The plaintiff's attorney argues that presentation to Coffin should be held sufficient, because before the four months for the presentation of claims had expired, the executrix left the state and remained absent until the 24th day of December, 1891; that it was impossible to present it to her during the time of her absence, and consequently presentation to the attorney was sufficient.

Gen. Stats., Sec. 2797, as amended in 1891, requires the executor or administrator to give notice to the creditors of the deceased to exhibit their claims within four months after the first publication of the notice, " to such executor or administrator."

Sec. 2798 provides that if not so presented, with certain exceptions inapplicable here, the claim shall be barred forever.

Sec. 2799, that every claim presented to the administrator shall be supported by the affidavit of the claimant.

Sec. 2800, that the probate judge may present a claim " to the executor or administrator."

Sec. 2801, that when a claim has been presented to " the executor or administrator," he shall indorse thereon his allowance or rejection, with the day and date thereof; that if the " executor or administrator " refuses or neglects to indorse his action on the claim for ten days after it is presented to him, such neglect or refusal may be deemed equivalent to a rejection; that if presented " to the executor or administrator " before the expiration of the time for the presentation of claims, he may act upon it afterwards.

Sec. 2803, that when a claim is rejected " by the executor or administrator," suit shall be brought upon it within three months, or it shall be barred forever.

Sec. 2805, that no action shall be maintained upon any claim, unless it shall have been first presented " to the executor or administrator."

Sec. 2806, that the time during which there shall be a vacancy in the administration, shall not be included within any limitations prescribed in the act.

Many other parts of the probate act contain expressions similar to the above, but it is believed that the foregoing are the

only ones bearing directly upon the matter in hand. Such being the case, can there be any possible doubt that the legislature intended to require the claims to be presented to the executor or administrator, in person, and not to any one else? Has it not been said in the plainest and most unequivocal language, with iteration and reiteration, that they must be presented " to the executor or administrator?" This is a matter entirely within the power of regulation by the legislature, and the only duty of the courts is to carry out the law as fixed by that body. There is here no room for construction; the language is absolutely plain, and there is nothing in the context, or in the application of the law, to lead the mind to the conclusion that the law-making body did not mean just what it has said.

The only reason suggested for adopting any other construction is that as the executrix had left the state, so that claims could not be presented to her in person, presentation to the · attorney should be held equivalent thereto. But not only, as we shall see, did her absence not prevent the proper presentation of the claim, but to so hold would be not to construe the law, but to make it in the first instance. Were we, in such a case as is presented here, authorized in any particular to add to or take from the statutory provisions, the most reasonable view would be that such absence from the state, instead of authorizing the presentation of claims to any one else than the executrix, would, during its continuance, suspend the running of the period for their presentation, but under a similar statute the supreme court of Alabama held that it had no power to vary its plain terms, and that absence from the state could not have even that effect. (*Bank* v. *Donelson*, 12 Ala. 741; *Lowe* v. *Jones*, 15 Ala. 545.)

Nor does the hardship of the case press upon the court the necessity of stretching the law in order to afford a remedy in such a situation, if, indeed, this consideration should ever be given any weight. Notwithstanding the executrix's absence, there was still an easy and sufficient mode of presentation left. When the legislature provided for the notice to creditors, it must have had in view the fact that it could not be expected that the executor would remain in any one place during the entire four months, nor was there any necessity that he should, or for requiring the creditor to follow him about through the state, or out of it in order to present the claim to him in person.

Some fixed and common place could easily be provided, greatly to the convenience of both, where the creditor could present the claim and the executor could expect to find it. This was done when it was provided that the executor should notify the claimants to present their claims "at the place of his residence or transaction of business," and in view of this provision, it is evident that the legislature intended that presentation at that place should constitute "presentation to the executor or administrator," even though he was not personally there to receive it. This is the view taken by the California courts of the statute from which our is copied (*Roddan* v. *Doane*, 92 Cal. 556), and the construction is justified by the language and purposes of the act. But this is a very different thing from holding that the legislature intended that in such a case presentation to an attorney should also be sufficient; in support of which contention not a clause or word of the statute can be cited. In this case the administratrix had notified the claim holders to present their claims to her at the residence of John G. Fox, in Carson City, and it follows that, under the statute, it was her duty to be there to receive them, or else to make arrangements for any that were presented there being brought to her notice. There is no showing but that she did this, and in its absence, if it cut any figure in the case, we should presume that she did. At any rate, there was the place where the statute authorized the claims to be presented, and consequently her absence was no injury to the claim holders.

A brief view of the relation which an attorney bears to an estate is also quite convincing that the legislature never intended to authorize the presentation of claims to him. Under our statute there is no such thing as a general attorney or attorney of record of an estate. No provision is made for his retainer or employment, and there is nothing from the beginning to the end of the probate act which contemplates the existence of such an agent. Twice at least has this court already held that if the estate is not involved in litigation, and there are no complicated legal questions for solution, there is no occasion for the employment of an attorney, and that it is the duty of the executor to keep the accounts himself and make the proper reports to the court; that if he is incapable of doing this and has to employ assistance in the discharge of his duties, he must pay for it out of his own pocket. (*Estate of Olaf Nicholson,* 1

Nev. 518; *Lucich* v. *Medin,* 3 Nev. 104; 2 Woerner Adm'n,: Secs. 515, 516.)

If the exceptional circumstances exist, and it becomes necessary to employ an attorney in any particular matter or case,. then, as to that matter or case the attorney occupies to the estate the usual relation of attorney and client. If the matter. is the prosecution or defense of an action, papers in that case can be served upon the attorney, wherever the practice act has authorized its being done. This would not, of course, extend to anything outside of that particular employment, and would end with that proceeding. If the representative should consult an attorney upon some question of law, the usual relation would again be formed, but would end· with that consultation. With the next question or action the representative could employ the same attorney, or any other, as he deemed best. Or, if instead of doing this way, the representative should prefer to employ the same attorney in all matters in which it is necessary to have an attorney, this would not change the situation, or make him the general attorney, or " attorney of record," of the estate. He would still be simply the attorney to whom the representative always went for advice and assistance, but his relation to the estate would not be any greater, and contrary to the usual rule (Gen Stat. Sec. 2539, 2540), without his consent, without leave of the court, and without notice to any one, the representative could change this employment at any time, and end all relation with the attorney. (*Hoes* v. *Halsey,* 2 Dem. Sur. 577; 1 Woerner, Adm'n, Sec. 144.) Although district courts are now vested with jurisdiction of probate matters, this jurisdiction, with some exceptions, immaterial here, is to be administered under the same principles that formerly applied to the probate court, and under the same rules of practice—in fact, under the same act. The jurisdiction is just as distinct and separate from other powers as though vested in a different court (*Lucich* v. *Medin,* 3 Nev. 93, 99), and therefore the fact that attorneys of record are recognized in other matters in those courts does not affect the question here.

An attorney at law is merely an agent of the client, and a special agent at that, in the sense that his authority only extends to the particular matter in which he has been employed. An executor or administrator occupies very much the same position towards the estate that the deceased did himself. If

in course of the settlement some occasion arises in which he requires the assistance of an attorney, he can employ him at the expense of the estate, and in that matter he would doubtless become the attorney of the estate. But no one would suggest in case of an individual, that an attorney's employment in one action gave him authority to represent the client in another, or to represent him generally. No more does it in case of an estate. Attaching Coffin's name to the notice to creditors as the attorney for the estate amounted to nothing. It was a mere advertisement of the fact that he was the attorney who had probably drawn the notice, and whom the administratrix then probably expected to employ about the business of the estate, when it was necessary to employ any one. But when claims were presented under the notice, she could, without discharging him, without paying him, without his consent, go to any other attorney and employ him to advise or assist her in defending against the claim, and Coffin's connection with the estate would be ended. Therefore, when this claim was presented or handed to him, not only was it not authorized by the statute, but he was not the "attorney for the estate" in that matter. His connection with the estate had ended, unless he was further employed. As well might the claim be presented to any other attorney or agent who had once been employed by the administratrix in some other matter.

Owing to the diversity of the statutes, the decisions of other courts do not have much bearing upon the question in hand, but the following cases are somewhat related to it, and as far as they go, support the conclusions here announced: *Hardy* v. *Ames*, 47 Barb. 413; *Whitmore* v. *Foose*, 1 Denio, 159; *Spaulding* v. *Suss*, 4 Mo. App. 541; *Hicks* v. *Jamison*, 10 Mo. App. 35; *Pfeiffer* v. *Suss*, 73 Mo. 245; *Farris* v. *Stoutz*, 78 Ala. 130; *Jones* v. *Lightfoot*, 10 Ala. 17.

Experience proves that the speedy settlement of estates is most desirable. All of our legislation tends as much as possible to hasten that result. To that end vigilance is required from those having claims against an estate, and a substantial compliance with the provisions of the statute concerning their presentation is demanded. Thus, in Woerner, Adm'n, Sec. 387, it is said: "A literal compliance with the terms of the statute is the only course to secure absolute safety to the creditor, and to relieve the administrator from the perplexing doubt, and

even personal hazard, which may arise if the sufficiency of the exhibition is not clearly apparent. For, however liberally disposed he may be to waive technical defenses and to deal with creditors on the basis of substantial justice, he stands as the representative of all creditors, as well as of heirs, legatees, and distributees, whose technical rights he is not at liberty to disregard." In *Zachary* v. *Chambers*, 1 Or. 324, the court used this language: "The term presentment, under this statute, as elsewhere, in legal nomenclature, has a technical signification, and necessarily includes every ingredient which the law has fixed to it in the particular connection in which it stands. An executor or administrator is the representative of an interest which the legislature has guarded with a careful solicitude; and in so doing has clearly vindicated the terms upon which a claim may be preferred against an estate, and the test by which an administrator shall be justified in allowing it." And again, in *Perkins* v. *Onyett*, 86 Cal. 348, it was said: "In such a case the plaintiff must show at least a substantial compliance with each requirement of the statute on the subject of the presentation of claims."

To avoid misunderstanding, we wish to add that we do not intend to hold that claims must, under all circumstances, be presented at the designated place. If handed to the executor elsewhere, it might be held to be sufficient; or, in this case had it been shown that Coffin had actually handed the claim to the executrix within the proper time this might have constituted a good presentation—points that we do not need to pass upon.

For the error in admitting the plaintiff's claim in evidence, and holding that it had been sufficiently presented, a new trial should be granted, and it is so ordered. The judgment and order overruling the motion for new trial reversed.