# Bradley, *et al. v.* Singleterry.

### *Bill to Set Aside Conveyance For Fraud and For Accounting.*

(Decided May 14, 1912. 59 South. 58.)

1. *Limitation of Actions; Tolling of Statutes; Non Compos Mentis.* —The provisions of section 4846, Code 1907, exempts a non compos mentis from the three years limitation for entries on land and similar actions, except that such disability will not warrant an entry or action after more than twenty years from the accruing of the cause of action or right of entry.

2. *Equity; Laches; Non Compos Mentis.*—The idea of acquiesence on the part of him charged is necessarily included in the doctrine of laches, and hence, it cannot be invoked to bar the right of one non compos mentis to set aside a fraudulent conveyance made by his guardian.

APPEAL from Henry Chancery Court.
Heard before Hon. L. D. GARDNER.

Bill by W. J. Singleterry, a non compos mentis, by his next friend, against Lucy Bradley and others, to set aside a conveyance as fraudulent, and to subject the property thereby conveyed to the payment of the decree rendered in the probate court in favor of the non compos as against his guardian on final settlement. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

WILLIAM L. LEE, for appellant. It appears on the face of the bill that there is laches and staleness of demand, and that the time prescribed as a bar to corresponding legal remedies has elapsed. The question is therefore properly raised by demurrers which should have been sustained.—*Nettles v. Nettles,* 67 Ala. 599; *Lockhart v. Nash,* 64 Ala. 485; *Semple v. Glenn,* 91 Ala. 245; *Solomon v. Solomon,* 83 Ala. 394; *McCarty v. Mc-Carty,* 74 Ala. 546; *Garrett v. Garrett,* 69 Ala. 429; *Beadle v. Seat,* 102 Ala. 532; *Waller v. Nelson,* 106 Ala. 535; *Shorter v. Smith,* 56 Ala. 208; 145 U. S. 368. The demurrers raising the question of the statute of limitations as applied to each of the respondents should have been sustained.—*Snodgrass v. Branch Bank,* 31 Ala. 115; *Stoutz v. Huger,* 107 Ala. 248, and authorities supra. The bill showed that a guardian for a lunatic qualified more than fifteen years before the filing of the bill, who was capable of suing and laches and limitations therefore apply.—*Lee v. Wood,* 85 Ala. 169.

H. L. MARTIN, and POLLARD & MARTIN, for appellee. Allegations of the bill sufficient.—102 Ala. 378. Any number of fraudulent grantees may be joined.—121 Ala. 109; 114 Ala. 601; and the same is true although conveyances were made at different times to different persons, and for different portions of the property —

80 Ala. 147; 75 Ala. 348; 67 Ala. 396; 96 Ala. 338; 104 Ala. 353; 118 Ala. 546; 80 Ala. 225. A fraudulent grantee cannot plead statute of limitations to the original debt of complainant against grantor.—107 Ala. 249. Limitations do not run against a lunatic.—Code 1907, Sec. 4846; 56 Ala. 426; 82 Ala. 626; 75 Ala. 502; 34 Ala. 15. A guardian may be charged as trustee *in invitum.*—50 Ala. 245; also page 315; 75 Ala. 501; 31 South. Rep. 454. The guardian's sureties are likewise liable.—50 Ala. 315, and cannot escape because of the invalidity of the appointment. A guardian for a lunatic like any other guardian.—8 Ala. 796. The guardian may be compelled to account in Chancery Court.—75 Ala. 501. A former settlement void for want of jurisdiction cannot be an answer.—50 Ala. 245.

DOWDELL, C. J.—The appeal in this case is taken from the decree of the chancellor overruling the respondents' demurrer to the bill.

The bill is exhibited by a non compos mentis, by his next friend. The purpose of the bill is to set aside fraudulent conveyances made by the guardian of the non compos, and to subject the property conveyed to the payment of a decree rendered in the probate court in favor of the non compos, against said guardian, on a final settlement of his said guardianship. The bill was filed 15 years after the date of the alleged fraudulent conveyances. The bill was demurred to on the grounds of laches and the statute of limitations, which demurrer was overruled by the chancellor.

The bill avers that the complainant was, prior to and at the time of the alleged fraudulent conveyances, a non compos, and that he has been a non compos continuously down to the filing of the bill. Such being true, which is confessed by the demurrer, the statute of lim-

[Bradley, et al. v. Singleterry.]

itations is no defense. The complainant's disability excepts him from the statute.—Code 1907, § 4846.

The doctrine of laches carries with it the idea of acquiescence on the part of him charged with laches A non compos is without a mind, and where there is no mind there can be no acquiescence. This case is clearly differentiated from the case of *Lee v. Wood,* 85 Ala. 169, 4 South. 693, on the facts. The facts here necessarily withdraw the case from the application of the doctrine stated in *Lee v. Wood.* Here, on the facts alleged and taken as confessed on demurrer, the guardian of the non compos, who is made a respondent to the bill, by his own fraud and misconduct disqualified himself as guardian to sue or act for his ward, and this condition existed at the time the cause of action arose, and at the time he was appointed guardian on his application. The ward in effect was without a guaridan to protect his interest in the subject-matter of this suit. There being no one qualified to represent the non compos, the principle stated in *Lee v. Wood, supra,* fails of application.

The bill in our opinion was not subject to the grounds of demurrer interposed, and the demurrer was properly overruled.

Affirmed.

ANDERSON, MAYFIELD, and SOMERVILLE, JJ., concur.