## STARKE & MOORE v. KEENAN'S ex'rs.

1. A written acknowledgment by an acting executor, that a claim was presented within the time required by law, is evidence of the fact of presentment; and the subsequent resignation of the executor, will not impair its value as evidence, and make it necessary to call the executor as a witness.

ERROR to the County Court of Dallas.

This was an action of assumpsit, by the plaintiffs, against the defendants in error. The defendants, among other pleas, interposed the plea of the statute of *non-claim*. To prove a presentation of the claim sued on, within the time required by law, the plaintiffs offered in evidence, the written admission of F. S. Blount, one of the executors of the deceased, who had resigned subsequently to its execution, but who was still alive, and within the jurisdiction of the court. The court, on motion of defendant's counsel rejected the evidence, on the ground, that it was not the best evidence in the power of the party to produce; to which the plaintiffs excepted, and which is now assigned as error.

G. W. GAYLE, for the plaintiffs in error, cited 3 Day. 309; 1 Taunton, 104; 15 Johns. 409; 4 ib. 230; 7 Conn. 319; 4 S. & R. 174; Greenl. Ev. 125, 221–3; 3 Stewart, 288.

HUNTER, *contra.* The admissions of one, not a party to the record, and who may be called as a witness, cannot be given in evidence. [13 Mass. 201; 6 Conn. 28; 2 N. H. 491; 6 Porter 32; 12 Vermont, 178; 1 Phil. Ev. 255.]

ORMOND, J.—The objection urged to the testimony rejected by the court is, that as it was the mere admission of the existence of a fact, by one, who not being a party to the record might have been examined as a witness, it was mere *hearsay*, and was therefore properly excluded.

The general rule, certainly is, that admissions by persons who are not parties to the suit, though made against their interest, can-

not be given in evidence, but the rule does not apply to this case. The executor who made the written admission of the presentment of the claim here sought to be enforced, although not a party to the suit, having resigned his appointment since the presentment was made; at the time it was made, represented the deceased, and had full power and authority to act upon the subject.

Where there are more executors than one, there may be acts to be done, which require the concurrent action of all; but in relation to the point here presented, one has authority to act for all. [Acre v. Ross, 3 Stewart 288.] The person appointed by law to receive the presentment must have authority to acknowledge that such presentment was made, and this acknowledgment cannot be deprived of its efficacy, as evidence by his subsequent act. So each of several executors has authority to receive payment of debts due the deceased, and it would scarcely be contended in such a case, that the resignation of the executor, to whom the payment was made, would prevent his receipt from being evidence of the fact of payment, and make it necessary that the executor should be called as a witness, and yet there is no difference in principle between the two cases. If there be any difference between these, the case supposed is not so strong as the one at bar, as the claim *must* be presented or it is barred.

The statute does not, it is true, require the executor to acknowledge the fact of presentment, but it would be absurd to suppose that he had not the power to do so. The object of evidence is to establish the existence of facts, but when the fact is admitted, there is no necessity for further proofs.

It results from what has been stated, that the court erred in the rejection of the written acknowledgment of one of the executors, that the claim had been presented, and its judgment is therefore reversed, and the cause remanded.