### (*) Thayer *versus* Mowry *et al.*

Until the expiration of twenty years from the recovery of a judgment, there arises, *from lapse of time,* no degree of presumption that the judgment has been paid.

For an agreement by a judgment creditor that he would allow, *upon the judgment,* the amount which, *prior to the judgment,* he had received toward the debt, in the dealings of the parties, such receipt of the money is a sufficient consideration.

In a suit upon such judgment, the jury, if the receipt of the money and the agreement of the plaintiff be proved, may treat the amount received as a payment upon the judgment.

In such a case, the defendant is entitled to introduce evidence of the plaintiff's agreement, and of the state of their dealings previous to the judgment, and of any facts which could justify the jury in finding that the money had been received by the plaintiff, and to what amount.

Such evidence has no tendency to impeach the judgment. Its effect can only be to show, that, by a valid arrangement, it has been paid.

On Exceptions from *Nisi Prius,* Appleton, J., presiding.

Debt upon a judgment recovered in March, 1831, for $516,76 debt, and $14,71 costs. Upon the writ in that action the property of the defendants was attached.

The present action was brought February 4, 1851. The plaintiff read the record of the judgment, and introduced the execution issued thereupon, March 10, 1831, returned no part satisfied, and it was admitted that no alias execution had ever issued. The defence relied upon in the pleading, was payment.

The defendants offered as witness, I. R. Chadbourne, who testified, that he was attorney for the defendants, in the original suits; that he was in attendance upon the S. J. Court, in Machias, in June, 1831, and that he then received from the defendant Mowry, a letter of instructions in reference to the original suit, being the suit upon which this judgment was recovered, which letter contained certain receipts signed by the plaintiff, and a letter from him to Adams & Fessenden; that said letter and enclosures were never seen by him (the witness) from about the time he received them until after the commencement of this suit, when he searched for them at the request of Mowry, and found them in his office, where they had been ever since June, 1831; that Mowry was a member of the Legislature, in March, 1831, and on the valuation committee, which continued its sessions into the ensuing summer.

The defendants read in evidence, the writ and note upon which this judgment was recovered, and also the letter of the plaintiff to Adams & Fessenden, dated June 1, 1824, also a copy of an execution recovered against the defendant Mowry, by Adams & Fessenden, for debt $672,34, and costs $15,75, discharged by S. Thayer, (the plaintiff,) also a certain paper, of which the following is a copy.

"Received of J. Mowry, Esq. five hundred and forty-five dollars, by his deed to Thomas Moon, to be accounted for on demand.                                    "·Solo. Thayer.

"Lubec, Nov. 11, 1825."

Endorsed; "$448,04. Received towards this receipt four hundred forty-eight dollars, and four cents."

Samuel Mowry was introduced by the defendant, and testified, *that* he was present at a conversation between the plaintiff and his father, Jabez Mowry, one of the defendants, May 5, 1851, at plaintiff's office; *that* his father asked the plaintiff how much he received on the Rice deed, and on the Moon receipt; *that* the plaintiff said he received on the Rice deed and the Clark note $508 or $510, and about $100 for balance of Moon receipt; *that* his father asked the plaintiff if these sums were not received towards the joint note of Fowler,

Boynton and himself, [the present defendants, being the note on which judgment was recovered,] and the plaintiff said yes, and if they were not indorsed on that note, he would allow it towards the execution; *that* the plaintiff figured it, and said if this is allowed as I have received it, on that joint note, you (said Jabez) will owe me $200 to $300 on general account; *that* his father replied he did not owe him a dollar on general account, and *that* the parties separated in anger.

To each and every part of the foregoing evidence, the plaintiff objected as it was offered.

On cross-examination, the witness, Samuel Mowry, testified that his father became embarrassed in 1824 or 1825 : — It did not appear that the other defendants had not always continued solvent.

The Judge instructed the jury, *that* the judgment produced was conclusive evidence of indebtedness to its amount, at the time of its rendition; *that*, if obtained by error, fraud or mistake, the proper proceedings should have been instituted to revise it, or to procure a review, and new trial; *that*, those proceedings not having been instituted, it was perfectly immaterial whether the defendants intended to have had the action demurred; or whether they had a defence to the suit or not; *that* this suit is not barred by the statute of limitations, nor does the presumption of payment arise till after the full and entire period of twenty years; *that* when the judgment was obtained, the defendants might have claims against the plaintiff, which could not have been filed in set-off; *that* the plaintiff, as it appeared, had other claims against the defendant Mowry, alone; *that*, if they found that that defendant was bound, as between him and his co-signers, to pay that debt, and that he had made payments which were to have been applied to the note, on which this judgment was rendered, but which were not so applied, they would consider whether the parties had not subsequently adjusted this matter between themselves; *that*, in this connection, the facts, if proved, that attachments had been made on the original writ, that no proceedings were had on the execution obtained, that the other parties

were solvent, and that during much of this time Mowry was solvent, were facts proper for their consideration with the other facts in the case; *that,* if they found the judgment to have been fully paid or in no part paid, they would so return by their verdict; *that,* if it had been paid in part, they would find for the balance.

To the rulings of the Judge, admitting the evidence objected to by the plaintiff, and to the instructions given to the jury, the plaintiff excepted. The verdict was that the judgment had been fully paid. The plaintiff also filed a motion for a new trial, on the ground that the verdict was against evidence and against the weight of evidence.

*Thayer* and *Thacher,* for the plaintiff.

The record of the judgment was conclusive evidence of the defendants' indebtedness, and of the amount.

No evidence of facts prior to its rendition is admissible to impair its effect. Nothing of defence can be allowed, which might have been proved at the time of its recovery. *Flint* v. *Sheldon,* 13 Mass. 453; *Footman* v. *Stetson,* 32 Maine, 17; *Granger* v. *Clark,* 22 Maine, 128; *Cook* v. *Darling,* 18 Pick. 393. By reason of the admission of Mr. Chadbourne's testimony, therefore, the exceptions should be sustained. *McLellan* v. *Richardson,* 13 Maine, 82; 14 Maine, 228.

The admission of the original note and writ was wrongful. How could those papers show the judgment void or paid? Having no possible tendency in any way to aid the defendants, they ought not to have been received. For the same reason, the execution recovered by *Adams & al.* v. *Mowry,* in 1823, especially as it was a matter *inter alios,* was erroneously introduced; and the same objection lies to the introduction of the plaintiff's letter of June 1, 1824, nearly seven years before the judgment, and also to receipt of November 11, 1825. Its only tendency was to prove a payment before the judgment was recovered, and thus collaterally to reverse the judgment. *Smith* v. *Miller,* 14 Wend. 188; *Langdon* v. *Potter,* 13 Mass. 319; *Bannister* v. *Higgins,* 15 Mass. 73.

The great error of the Judge (it is respectfully submitted,)

is in the following instruction : — "that when judgment was obtained by the plaintiff, the defendants might have claims against the plaintiff which could not be filed in set-off; that the plaintiff, it appeared, had other claims against the defendant Mowry alone; that if they found that the defendant Mowry was bound between him and co-signers to pay the debt, and that he had made payments which were to be applied to the note upon which this judgment was rendered but which were not so applied, they would consider whether the parties had not subsequently adjusted this matter between themselves, and that in this connection the facts, if proved, that attachments had been made in the original action, that no proceedings were had on the execution obtained, that the other parties were solvent and during most of the time Mowry was solvent, were to be considered with other facts in the case."

All facts which existed prior to the judgment, which were not admissible at the time to prove payment of the note, would be inadmissible to prove payment of the execution. The existence of mutual demands between Thayer and Mowry, as that fact raised no presumption of the payment of the note, on trial of the action, neither could it raise a presumption of the payment of the execution or judgment. If, as the Judge says, "no presumption of payment can arise until after the full and entire period of twenty years, how can such presumption of payment be inferred from mutual dealings, mutual accounts and mutual demands existing between the parties short of that time? All the facts suggested by the Judge were only such as might raise a presumption of payment, but such presumption cannot arise till the lapse of twenty years.

It is not possible to raise a presumption that a judgment was satisfied, from the fact that other demands existed between the parties, or that the judgment creditor owed the defendants at the time the judgment was recovered.

The whole of Samuel Mowry's testimony, if it prove any thing, can only show that the judgment was taken for too

Thayer *v.* Mowry.

large a sum. But that point, as already stated, was not open, under a mere plea of payment.

*B. Bradbury,* for the defendants.

1. The testimony of Chadbourne was admissible to identify certain papers, which were offered in evidence, and to show that they were in the possession of defendants' counsel in connection with the original suit during its pendency, and to explain why they were not then used.

2. The writ and note upon which the judgment was recovered, the letter of Thayer to Adams and Fessenden of June 1, 1824, the execution of Adams and Fessenden against Jabez Mowry, discharged by Thayer, were all admissible. For the object of them was to show that the judgment was originally a debt from Mowry to Adams and Fessenden, that Thayer purchased this demand of Adams and Fessenden, and adjusted it by taking the note signed by Mowry and the other defendants, which was the basis of the judgment in suit, establishing the fact, that it was well understood between Thayer and Mowry, that the note upon which the judgment in suit was obtained, was to be paid by Mowry, and that the other parties were but sureties.

3. The receipt for $545, through the deed of Thomas Moon, dated November 11, 1825, was admissible, being directly connected with this transaction by the testimony of Samuel Mowry.

4. The testimony of Samuel Mowry was admissible to show such a condition of affairs and business relations between these parties as would tend to prove a payment of this judgment by the defendant Mowry.

TENNEY, J. — This action was commenced on February 4, 1851, upon a judgment recovered in March, 1831, for the sum of $531,47, debt and costs. The defence was alleged payment. Evidence was introduced tending to prove, that Mowry was the principal on the note, which was the cause of action in the first suit, and the other defendants were his sureties.

Thayer *v.* Mowry.

The defendants, as it appears from the exceptions, attempted to establish two propositions. One was, that before the recovery of the judgment, the plaintiff had received moneys belonging to Mowry, nearly or quite equal to the amount of the judgment; and the other was, that notwithstanding the judgment was taken for the full amount of the note and costs, instead of the execution thereon being enforced as it is contended that it might have been, it was suffered to remain, in consequence of a valid agreement, that the moneys so received, should be applied to the satisfaction of the judgment and execution. Evidence was introduced, relied upon by the defendants, in proof of these propositions; and the instructions complained of, were given to the jury, not as authorizing the impeachment of the judgment collaterally, but for the purpose of presenting to them the question, whether there was a consideration for the agreement alleged to have been made, that payments, which should have discharged the note, or been indorsed thereon, were actually applied to the satisfaction of the judgment after its recovery. The jury were instructed, that if they should find, that the defendant Mowry was really the principal in the note, and bound to pay it, as between him and the other makers; that he had made payments, which were to have been applied to the note, but which were not so allowed, they would consider, whether the parties had not subsequently adjusted this matter between themselves; that, in this connection, the facts, if proved, that attachments had been made on the original writ, that no proceedings were had upon the execution obtained, that the other parties were solvent, and that during much of this time, Mowry was solvent, were facts proper for their consideration, with other facts in the case.

In these instructions no imperative rule of law was given to the jury to give weight to the delay of the plaintiff to enforce his execution, if he could probably have done so successfully, but they were allowed to consider the effect due to these facts, in connection with the other evidence before them. The jury could not have understood the Judge to have held,

Thayer *v.* Mowry.

against his positive statement to the contrary, that payment of a judgment can be presumed short of twenty years; but only to have allowed them to consider the circumstance of having omitted to enforce his judgment against those inducements, which ordinarily influence creditors, when no arrangements had been made for a settlement thereof, connected with the facts, attempted to be established, that he had in reality received payment of his debt, before the suit, and had agreed to allow the payment on the judgment. The admission of the evidence, for which it was introduced, and the instructions to the jury are free from error.

*Exceptions overruled.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J. concurred.

TENNEY, J. — If the instructions had evidence for their basis, the jury were to judge of all the facts, under the direction of the Court; and their finding cannot be disregarded, simply because the evidence was weak, and such as would have inclined the Court to believe, that it might have come to a different conclusion.

Positive evidence was introduced, that the plaintiff had received moneys belonging to the defendants, sufficient to cover the amount of the judgment now in suit. When the parties were together in May, 1851, the books and papers of both parties being present, and to some extent examined, the plaintiff admitted, that he had received from the Rice and the Wm. Clark note about five hundred dollars, and also one hundred dollars by balance of the Moon receipt, upon the note on which judgment was rendered; that he had agreed, that these sums should go in payment of the joint note, (which is understood to be the same,) and if they had not been so allowed on the note, they should go towards the execution; and the plaintiff thereupon remarked, being some excited and angry, "if that's allowed, as I have received it, towards the joint note, you will owe me $200 or $300 on the general account," which Mowry denied. This evidence, if true, when

considered alone, and unconnected with other circumstances, relied upon in proof of payment, were insufficient to authorize the jury to find, that payment had been made from moneys received after the recovery of the judgment; but it certainly tends strongly to show, that it was recovered, when little or nothing was due upon the note, and that it was wrongfully or improvidently taken. And from the facts, that no means were put in operation for almost twenty years, for its collection, and no satisfactory explanation of this delay offered, it is not strange, that the jury should have done the plaintiff the justice to infer from all the facts together, that he had really done after the recovery of the judgment, what he frankly admitted he had agreed to do before, in reference to the note. If the jury erred, the error is not so palpable, as to authorize the Court to disturb the verdict. *Motion overruled.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.