# Turlington *v.* Slaughter.

*Action to recover Money paid by Mistake.*

1. *Refusal of charge; presumption as to.*—If charges asked for and refused, assert correct legal principles, and are applicable to the evidence, it will be presumed to sustain the judgment below, that they were not in writing, unless it affirmatively appears otherwise.

2. *Subsequent promise; what will support.*—A moral consideration growing out of a past legal or equitable obligation barred of enforcement, will support a subsequent express promise.

3. *Same.*—Payments claimed as credits on a debt, and not allowed when judgment was recovered on it, can not be recovered back afterwards, without an express promise to repay them.

APPEAL from Circuit Court of Dale.

Tried before Hon. J. McCALEB WILEY.

The appellee, Slaughter, brought this action against the appellant, Turlington, to recover money paid him by mistake, &c.

Slaughter had purchased lands of Turlington, and the latter filed his bill in chancery to enforce the vendor's lien, obtained a decree *pro confesso*, and an order of sale. Portions of the record of the chancery suit were shown to have been lost, but the testimony introduced showed that the amount due on the unpaid purchase money was ascertained, by a reference to the register, whose report was confirmed by the chancellor. Slaughter, before the sale, complained that there was a mistake in the calculation, but was told by Turlington to settle upon the basis of the decree, and if it turned out to be wrong, he would correct it by returning the excess. Upon this Slaughter paid the amount of the decree, which was about five hundred dollars in excess of what was due. Turlington then referred him to an attorney to investigate the mistake, and upon being informed by Slaughter that the attorney found that there was a mistake of over five hundred dollars, refused to correct it. There was some testimony tending to show that after suit brought, Turlington obtained a continuance on promise to look into the calculation again, and to pay whatever amount was found due, in cash.

The court charged the jury that if they believed that, at the settlement and payment of the decree, Turlington told Slaughter that if the decree against him was for much, he (Turlington) would correct it, by refunding the excess, and

that the decree was for too much, they must find for the plaintiff; and also, if they believed that "Turlington agreed to correct any error in the decree, and that in consequence of this agreement Slaughter paid the amount of the decree, that this was a sufficient consideration to support a promise, and make Turlington liable to Slaughter, if in fact there was an error in the decree against Slaughter."

These charges were excepted to, "and defendant asked the court to give the following charge, which charges the court refused to give and the defendant duly excepted." The bill of exceptions sets out the charges thus refused, but no where states that they were requested in writing.

The charges given, and the refusal to charge as requested, are now assigned as error.

W. D. ROBERTS, for appellant.

W. C. OATES, *contra*, cited, *Mills v. Gerson*, 20 Ala. 669; 21 Ala. 551, and *McKeithen v. Pratt*, 53 Ala.

BRICKELL, C. J.—The statute (R. /C. § 2756,) requires that charges to the jury, moved for by either party, must be in writing. The record does not disclose that the several charges moved for by the appellant were in writing. If they asserted proper legal principles, applicable to the evidence, we must presume to support the judgment of the circuit court, they were refused because not in writing, rather than put the court in error by presuming they were written.—*McKeithen v. Pratt*, 53 Ala.; *Hollingsworth v. Chapman, ante,* 54 Ala. 7.

Money paid in ignorance, or under mistake of facts, may be recovered back.—*Rutherford v. McIver*, 21 Ala. 750; *Wilson v. Sargent*, 12 Ala. 778; *Walker v. Mock*, 39 Ala. 568. Money paid on a debt or demand, but which is not credited thereon, cannot be recovered back, if judgment is subsequently recovered for the whole debt.—*DeSylva v. Henry*, 3 Port. 132. The judgment is conclusive on the defense of payment, and all other defenses which could have been interposed in bar of the suit.—*Freeman on Judg.* § 286; *Binck v. Wood*, 43 Barb. 315.

The payment made by appellee to the appellant did not exceed the amount of the decree of the court of chancery. The evidence tends to show, however, that the decree exceeded the amount really due, and the question presented by the exception to the several charges given on request of appellee, is whether a promise to pay such excess, is supported by a sufficient consideration. If the decree was rendered

[Turlington v. Slaughter.]

for a larger amount than was really due, it was the error of the register in making the calculations on which his report of the amount due from the appellee was based; or, it was because the appellant had not given the appellee credit for all the payments to which he was entitled. Whether the excess was produced by the one cause or the other, the appellant was not in equity and good conscience entitled to any other or greater sum than the amount really due and unpaid. A mere moral consideration will not support an express promise—a valuable consideration must have at once existed creating a legal duty or obligation, barred at the time of the promise by some positive rule of law. If the proceedings in the court of chancery had reached such a stage, of which it is not necessary to inquire now, that the appellee had lost all remedy to correct the decree, it was because the appellant failed in the performance of the legal duty resting on him to take a decree only for the amount really due and unpaid. Failing in the performance of this duty, he was under a moral obligation either to abate the amount of the decree, or if under mistake it was paid to him, to refund the excessive payment. This moral obligation, originating from a positive legal duty to which he could have been compelled before the decree, will support an express promise to refund. In *Vance v. Wells*, 8 Ala. 399, goods during coverture were furnished to a married woman, on the faith of her separate estate, and she executed a note for them as surety of her husband. The only obligation resting on her at common law was a moral obligation. An express promise to pay made by her, after the death of her husband, was esteemed valid, on which an action at law could be supported. The reason is, the promise during coverture, though void at law, in equity created a charge on her separate estate, and the moral consideration originated from an obligation capable of enforcement in equity. In *Bently v. Moore*, 14 Johns. 468, the precise question involved in this case was presented. A debt was paid, on which judgment was subsequently recovered, the debtor not having made defense. The creditor subsequently promised to refund if the debtor had a receipt for the payment, and an action on this promise was supported. In *Thayer v. Mowry*, 36 Me. 287, a promise by a creditor to allow upon a judgment, payments made prior to the judgment, was enforced. These decisions rest on the same reasoning, on which promises to pay after a discharge in bankruptcy, or after the statute of limitations has effected a bar, are maintained and enforced. The promise of appellant was valid, and founded on a sufficient consideration.

Judgment affirmed.