# Grimball *v.* Mastin.

*Bill in Equity for Foreclosure of Mortgage, given by Executors and Devisees for Debt of Testator.*

1. *Authority of executor or administrator to bind estate.*—Without express power, an executor or administrator can not, by any act or contract, create a charge or liability against the decedent's estate; nor can he, by any payment, promise or admission, suspend or remove the bar of the statute of limitations, so far as it affects a charge on lands, descended or devised; nor waive, or in any manner displace, the bar of the statute of non-claim.

2. *Non-claim as defense; averment of presentment.*—When the bill seeks to enforce against a decedent's estate a claim which is, *prima facie*, within the bar of the statute of non-claim (Code, § 2597), and fails to aver the due presentment of the claim, or facts excepting it from the operation of the statute, it is subject to demurrer; and an averment of an admission by the personal representative, of such presentment, is not the equivalent of an averment of the fact itself.

3. *Same.*—When the purpose of the bill is to enforce, not the original debt or claim against the decedent's estate, but a subsequent promise by the heirs or devisees, founded on a valid claim against their ancestor, and a lien created by them for its payment or performance, the bar of the statute of non-claim comes collaterally in question, as affecting the consideration of the subsequent promise, and it is not necessary that the bill should aver presentment.

4. *Foreclosure of mortgage; what defenses are available.*—Against a bill to enforce or foreclose a mortgage, any defense may be set up which would be available at law, in an action on the secured debt, except the statute of limitations.

5. *Same; want of consideration as defense, and how taken.*—When a want of consideration is shown by the averments of the bill, or by the recitals of the mortgage, which is made an exhibit to the bill, the defense may be taken by demurrer, or by motion to dismiss for want of equity;

[Grimball v. Mastin.]

but, in other cases, it must be taken by plea or answer; and the recitals of the mortgage, as to the consideration, may be contradicted by parol evidence.

6. *Admission by executor, as to presentment of claim.*—In the matter of the presentation of claims against the estate, the executor represents the whole estate; and his admissions of due presentment, while he is acting as executor, whether made before or after the expiration of the period allowed for presentment, is evidence of the fact, which is not impaired by his subsequent resignation.

7. *Admission of subsisting debt; effect in avoiding bar of statutes of non-claim and limitations.*—An admission that a claim is a subsisting debt, necessarily implies its due presentment, which would avoid the bar of the statute of non-claim; but not of the statute of limitations (Code, § 3240), which requires a partial payment before the bar is complete, or an unconditional promise in writing signed by the party to be charged thereby.

8. *Subsequent promise to pay debt already barred.*—A debt which is barred by the statute of limitations, is a sufficient consideration to support a subsequent promise to pay it, if such promise is expressed as required by the statute; and a debt of the ancestor, which is a charge on his lands, though barred by the statute of limitations, will support a subsequent promise to pay by the heirs or devisees.

9. *Consideration of mortgage ; sufficiency of recitals, on demurrer.*—A recital of "ten dollars in hand paid," as the consideration of a mortgage, is sufficient to sustain it on demurrer for want of consideration, in the absence of all other evidence.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 27th November, 1882, by John Grimball, as the administrator of the estate of his deceased wife, Mrs. Kate Moore Grimball, against James H. Mastin and others, as the executors of the last will and testament of Alexander Erskine, deceased, with the children and grand-children of said testator, who were interested in his estate as heirs and devisees; and sought, principally, to enforce and foreclose a mortgage on certain lands, executed by said executors and some of the devisees, at least against their respective interests in the testator's estate, as hereinafter more particularly stated. The mortgage, a copy of which was made an exhibit to the bill, contained the following recitals and provisions :

" *Whereas* the undersigned are the executors, devisees and legatees of the estate of Alexander Erskine, deceased ; *and whereas* he was indebted at the time of his death for the debt secured by this mortgage, as security, with James J. Donegan, for Michael Erskine, and received indemnity therefor, in a mortgage from said Michael upon certain lands in the State of Texas ; *and whereas*, after the death of said Alexander, in order for his estate to foreclose said mortgage, it was necessary that it should furnish evidence of the payment of said debt by it ; *and whereas* the undersigned James H. Mastin, who was made one of the executors of said Alexander's estate by his last will

[Grimball v. Mastin.]

and testament, and duly qualified as such, in order to foreclose said mortgage for the benefit of said testator's estate, gave his individual note for said debt, with said James J. Donegan, which note reads as follows," setting it out ; " *and whereas* said mortgage was foreclosed, and the estate of said Alexander got the benefit accruing therefrom secured thereby to said Alexander's estate ; *and whereas* said Alexander's estate justly owes said debt, and we and each of us, as the executors, legatees and devisees thereof, do hereby acknowledge its liability therefor, and promise to pay the same, said legatees and devisees limiting their liability to the extent of their interest in said Alexander's estate; *and whereas* said debt is now the property of Samuel R. Cruse, as trustee of the estate of Mrs. Kate Grimball, deceased ; *and whereas* various amounts have been paid on said note, as evidenced by the indorsements thereon, as follows," copying them ; " *and whereas* the undersigned desire to secure the payment therefor, as said Cruse is, as such trustee, required to have it secured by the order of the Chancery Court of Madison county, Alabama : *Now, in consideration of the premises, and the sum of ten dollars to us in hand paid* by said Cruse, the receipt whereof is hereby acknowledged, we, the undersigned," naming them, " do hereby grant, bargain, sell, alien, enfeoff and convey unto Samuel R. Cruse, as trustee of the trust estate of Mrs. Kate Grimball, deceased, the following described tracts or parcels of land ;" " to have and to hold unto the said Cruse as such trustee, and his successors in office, forever, with general warranty of title ; upon condition, nevertheless, that if said debt is not paid within three years from the date of this mortgage," then the mortgagee may take possession and sell.

The note of said Mastin and Donegan, as copied in the mortgage, was for $8,369, was dated April 18th, 1867, payable one day after date to R. W. Walker as trustee (who was the predecessor of said Cruse), with interest from date, payable annually; and purported to be given for value received.　The bill alleged the facts as recited in the mortgage, and further, that Donegan, who was also jointly bound for the debt, had since departed this life, leaving no assets, and no relief was prayed as against his estate; that said Alexander Erskine, the testator, died in July, 1857 ; that by his last will and testament, which was duly probated, and letters testamentary granted to the persons therein named as executors, his entire estate was charged with the payment of his debts, and his executors were required to keep his estate together, " so long as they might deem it advisable, or for the benefit of his devisees ;" that the executors have kept the estate together, except in the matter of some small sales of property, and have held possession of the lands, " charged by the

[Grimball v. Mastin.]

will with the payment of said debts;" that said note of Mastin and Donegan "was not given, nor accepted, as payment of said debt, but only as collateral security, and the liability and indebtedness of said estate, in respect to said debt, was fully recognized and acknowledged as late as November, 1879, by all the executors of said estate, by the widow, and by all the living children, and by said James II. Mastin, both individually and as trustee;" that the estate owes no other debt, except the expenses of administration; that there is other property, real and personal, in the hands of the executors, not included in said mortgage, of the value of nearly $10,000; and that the executors have filed a bill in said Chancery Court, for a settlement of their administration and the distribution of the estate.

The prayer of the bill was expressed in these words: "Complainant prays that said estate may be charged with the payment of the said debt due complainant, *in solido*; that this hon. court will take charge of the further administration and final settlement of said estate, for the purposes of the payment of said debt; that for the purpose of the ascertainment of the interest and share of each of said mortgagors in the estate of said Alexander Erskine, deceased, in the event your honor should hold that said estate is not liable for said debt, your honor will ascertain the value of the share of each of said mortgagors in the property mortgaged as aforesaid, that the same may be subjected to the payment of the debt secured in the said mortgage; that in the event any of said mortgagors shall be found to have obtained from the said estate any larger sums of money or property than others, in that event, that the heirs who may be found to be creditors of such mortgagors, in the settlement of said estate may be required to settle such balance as may be found due them, from other property belonging to said estate; that said mortgage may be foreclosed, and said lands therein conveyed sold for cash, and the proceeds of the same applied to the payment of the debt secured by the same; and, in the event the proceeds of said sale shall not fully pay off and discharge the said debt, that a decree may be rendered against said executors for any balance that may remain unpaid, to be paid out of the assets of the estate of said Alexander Erskine."

A demurrer to the bill was filed by all of the defendants jointly, assigning the following as grounds of demurrer: 1st, that the executors had no authority, under the testator's will, to execute said mortgage; 2d, that said Mastin, as executor, and Mrs. Erskine as trustee for Catharine and James A. Erskine, had no power under the will, or otherwise, to execute said mortgage; 3d, "that said mortgage is without consideration, and therefore not an obligation enforceable against these defendants;" 4th, "that the bill does not show that the debt existing

against said Alexander Erskine and James J. Donegan was presented to the executors of said Erskine with eighteen months after the grant of their letters testamentary ; " 5th, " that said bill shows on its face that all the devisees and legatees under the will of said Erskine did not join in the execution of said mortgage ; " 6th, " that the prayer of the bill is, *inter alia*, that the share of each mortgagor in said estate may be ascertained, and subjected for said debt, while the allegations of the bill show that the devisees only mortgaged their interest as devisees under the will of said Alexander Erskine, and not their shares as distributees of the estate of John H. Erskine, deceased, a devisee who did not join in the execution of the mortgage."

The chancellor sustained the demurrer, citing the following authorities : *Fretwell v. McLemore*, 52 Ala. 124 ; *Taylor v. Robinson*, 69 Ala. 269 ; *McDowell v. Jones*, 58 Ala. 25 ; *Colvin v. Owens*, 22 Ala. 795 ; *Vanderver v. Ware*, 65 Ala. 606 ; *Starke v. Wilson*, 65 Ala. 580 ; *Teague v. Corbitt*, 57 Ala. 529 ; *Townes v. Ferguson*, 20 Ala. 147. The complainant appeals from this decree, and here assigns it as error.

CABANISS & WARD, and R. C. BRICKELL, for the appellants. (1.) The appellants admit the authority of the cases cited by the chancellor, to which others might be added, but deny that those cases are applicable to this. The mortgage recites the existence of the debt, and acknowledges its justness ; and all the mortgagors, personal representatives and devisees, join in an unconditional promise to pay it. These recitals, the truth of which are admitted by the demurrer, are the equivalent of a positive and unequivocal admission and declaration that the debt against the estate exists—that it has been duly presented, and that it has not been paid or extinguished. In the matter of the presentation of claims, the executor or administrator represents the whole estate ; and his admission of the fact of presentment, whether made before or after the expiration of eighteen months, is evidence of the fact as against all the parties interested in the estate.—*Pharis v. Leachman*, 20 Ala. 678 ; *Starke v. Keenan*, 5 Ala. 590 ; *Darrington v. Borland*, 3 Porter, 39. In addition to these recitals, the mortgage shows a transaction between the parties which is only reconcilable with the due presentment and continued existence of the debt —that is, the surrender of the evidence of the original debt, and the execution of a new note by Donegan and Mastin, in order that indemnity might be secured from the principal debtor. If the estate was not liable for the debt—if it was not a valid and existing obligation against the estate—there was no reason or necessity for indemnity, and no liability against which indemnity was required. The case made by the bill, then, not

[Grimball v. Mastin.]

being *prima facie* within the bar of the statute of non-claim, it was not necessary to aver a presentment of the demand. (2.) The same acts and admissions are equally effectual to show that the debt was not barred by the statute of limitations; and even if the statute had operated a bar, the unconditional promise of payment contained in the mortgage avoids it.—*Merrills v. Swift*, 18 Conn. 257; *Balch v. Onion*, 4 Cush. Mass. 559 ; *Palmer v. Butler*, 36 Iowa, 576. Nor is the statute of limitations, though barring an action on the debt, a defense against a bill for the foreclosure of a mortgage given to secure it. *Inge v. Brandon*, 2 Ala. 331; *Locke v. Palmer*, 26 Ala. 312 ; *Ware v. Curry*, 67 Ala. 274 ; Wood on Limitations, 448–51. (3.) On the recitals of the mortgage, it is supported by a sufficient consideration.—*Bolling v. Munchus*, 65 Ala. 561 ; *Lawrence v. McCalmont*, 2 How. U. S. 426.

HUMES, GORDON & SHEFFEY, R. W. WALKER, and D. D. SHELBY, *contra*.—(1.) The contracts of executors and administrators, even when relating to matters necessary to the execution of their trust, are only binding on them personally, and do not create any liability against the estate.— *Vanderveer v. Ware*, 65 Ala. 606, and 69 Ala. 38; *Vann v. Vann*, 71 Ala. 154; *Steele v. Steele*, 64 Ala. 438; *Maybury v. Grady*, 67 Ala. 148; *Daily v. Daily*, 66 Ala. 266 ; *Foxworth v. White*, 72 Ala. 224. (2.) The mortgage is without consideration. If a person accedes as surety to an existing agreement, or guarantees an existing debt, for which there was a sufficient consideration as between the plaintiff and a third person, something new must take place, of the nature of a detriment to the creditor, or a benefit to the debtor or surety, to form a consideration for the engagement of latter.—*Jackson v. Jackson*, 7 Ala. 791; *Thomason v. Dill*, 30 Ala. 444; Browne on Stat. Frauds, 412, § 395; *Morley v. Boothby*, 3 Bing. 107–13; Story on Prom. Notes, §§ 457–8, note 2 ; *University v. Livingston*, 57 Iowa, 307, or 42 Amer. Rep. 42; *Cottage v. Kendall*, 121 Mass. 528, or 23 Amer. Rep. 286 ; *Exchange Bank v. Rice*, 107 Mass. 37 ; *Stewart v. Trustees*, 2 Denio, 403, and 1 N. Y. 581; *Limerick v. Davis*, 11 Mass. 113. A mortgage is but a security for a debt, and is without consideration when no debt exists.— *West v. Hendrix*, 28 Ala. 226; *Agee v. Steele*, 8 Ala. 948; *Prater v. Miller*, 25 Ala. 320; *Stewart v. Bradford*, 26 Ala. 410. (3.) The bill seeks to charge the estate with a debt of the testator, and does not aver a presentment of the demand to the personal representatives within the period prescribed by law, nor state facts which excuse the failure to present it.—*Fretwell v. McLemore*, 52 Ala. 124 ; *McDowell v. Jones*, 58 Ala. 25 ; *Jones v. Lightfoot*, 10 Ala. 17 ; *Br. Bank v. Hawkins*, 12 Ala. 755 ; *Owen v.*

*Corbitt,* 57 Ala. 92; *Taylor v. Robinson,* 69 Ala. 269; *Foster v. Holland,* 56 Ala. 474.

CLOPTON, J.—A legal representative can not, without express power, by any act or contract, create a charge or liability against the estate he represents; nor can he, by payment, promise, or admission, suspend the operation of the statute of limitations, or remove its bar, so as to keep alive or revive a charge on lands descended or devised; nor waive, or in any manner displace, the bar of the statute of non-claim. These general propositions are not controverted. The contestation is as to their applicability to those defendants who joined in the execution of the mortgage, and to the aspect of the bill wherein it seeks to enforce the lien on their interests in the mortgaged lands.

It may be regarded as settled, that a bill in equity, for the enforcement of a claim against the estate of a decedent, is subject to demurrer, if the claim is *prima facie* within the bar of the statute of non-claim, and there is an omission to aver its presentation within the time prescribed by the statute, or sufficient cause for excepting it from the operation of the statute.—*Fretwell v. McLemore,* 52 Ala. 92; *Foster v. Holland,* 56 Ala. 474; *Williams v. Auerbach,* 57 Ala. 90. An admission of the personal representative may be evidence tending to show presentation; but an averment of the admission—of evidence—is not the averment of the distinct fact of presentation of the claim. An explicit and positive statement of the *fact,* on which a material issue may be formed, is required. The bill fails to aver the presentment of the claim against the estate of the testator, or any cause for excepting it from the operation of the statute; and is defective as to the defendants who did not join in the mortgage.

The rule applies only when the bill is brought to condemn to the satisfaction of the demand assets in the hands of the legal representative for administration, or lands descended or devised. When the purpose of the bill is to enforce a subsequent promise or contract of the devisees or heirs, founded on the validity of a claim against their testator or intestate, and a lien created by them as security for its performance, the bar of the statute of non-claim comes collaterally into question, and an averment of a presentation of the claim is not requisite. In such case, the question of the bar of the claim by either the statute of limitations, or of non-claim, is important only as the claim may enter into and constitute the consideration of the subsequent promise or contract.

Against a bill to foreclose a mortgage, any defense, other than the statute of limitations, may be set up, which will avail

[Grimball v. Mastin.]

in an action at law on the debt. If the defense be a want of consideration, the recitals of the mortgage are open to inquiry, and parol evidence is admissible. When the bill and mortgage are silent as to the particular consideration, the defense must be made by plea or answer; but, when the want of consideration appears from the bill, either by the averments proper, or by the recitals of the mortgage, it having been made an exhibit, the objection may be taken advantage of by demurrer, or motion to dismiss for want of equity.

The mortgage was executed by the executors and some of the devisees, and recites, substantially, that their testator was, at the time of his death, indebted as surety for Michael Erskine, and had taken a mortgage on lands in Texas for his indemnity; that, in order to foreclose the mortgage, it was necessary to furnish evidence of the payment of the debt, and for this purpose one of the executors and Donegan, who was a co-surety with the testator, gave their note for the debt; that the mortgage on the lands in Texas was foreclosed, and the estate of the testator received the benefit thereof; and that the mortgagors desired to secure the payment of the debt, as the then trustee of the complainant's intestate had been required, by the order of the Chancery Court, to have it secured. The mortgage recites the justness of the debt, acknowledges the liability of the testator's estate, and the mortgagors' promise to pay the same,—the devisees limiting their liability to the extent of their interests in the estate. The question, on this demurrer, is, does it appear from these recitals that the mortgage is unsupported by a sufficient consideration.

In the matter of the presentation of claims, the executor represents the whole estate; and his acknowledgment that a claim was presented within the time required by statute is evidence of the fact, which is not impaired by his subsequent resignation.—*Starke v. Keenan*, 5 Ala. 590. The admission is of equal value as evidence, whether made before or after the expiration of the time for presentment, if he was the acting executor when it was made. In *Pharis v. Leachman*, 20 Ala. 662, it was said: "The admissions of the administrator, Leachman, made by him during the continuance of his representative character, although after the expiration of the eighteen months from the grant of letters, are evidence of the fact of presentation; and if they are to be regarded as evidence of this fact against the administrator, they are equally evidence of the same fact against the other parties. The admissions of the personal representative, which will take the debt out of the statute of limitations, do not bind the heir; for the reason, that the one represents the personal, and the other the real estate; and the admission of the administrator, operating only on the estate

[Grimball v. Mastin.]

which he represents, is as to the heir an act *inter alios*. But, in relation to the presentation of claims, the administrator represents the whose estate." It is true, there is no direct admission, or acknowledgment, that the claim was presented ; but the recitals of the mortgage contain admissions that the demand is a subsisting debt, and acknowledge the present liability of the estate. These admissions are untrue, if the debt was barred by the statute of non-claim, or were made in ignorance of the operation of the statute ; for by the bar it was *extinguished*. We are not authorized, on demurrer, to presume either of these alternatives. We must treat the admissions as true ; and so considering them, must regard the debt as an existing and enforceable liability of the estate, so far as its validity is affected by the statute of non-claim. To destroy its efficacy, as an element of consideration for the subsequent promise, the claim must have been barred ; and on demurrer for want of consideration, this fact should appear from the bill, at least by reasonable implication. No such implication can arise, in opposition to admissions inconsistent with its existence ; and no presumption in favor of a want of consideration will be indulged, against the positive recitals of the mortgage. We do not mean to intimate that the admissions are conclusive, or any opinion as to the effect on the sufficiency of the consideration of the mortgage, if the claim was really barred. All we decide is, that it not appearing that the debt was within the bar of the statute, the want of consideration, so far as it rests on the extinguishment of the claim, does not appear from the bill.

With respect to the bar of the statute of limitations, the admissions do not have the same operation. No act, promise, or acknowledgment, is sufficient to remove the bar of the statute, or is evidence of a new continuing contract, except a partial payment made upon the contract, by the party sought to be charged, before the bar is complete, or an unconditional promise in writing, signed by the party to be charged thereby.—Code, § 3240. The bill does not aver, nor do the recitals of the mortgage contain, any admission of a partial payment before the bar was complete, or of any promise in writing *previous* to the execution of the mortgage, made or signed by the devisees. The bar of the statute of limitations does not extinguish the *debt*, only the remedy. The admissions of the mortgage are not irreconcilable with the existence of such bar. A debt may be barred by limitation, and still be, in the larger legal sense, a subsisting debt.

But, a claim barred by the statute of limitations may be a sufficient consideration for a promise to pay it, if such promise be expressed as required by statute. In 1 Pars. on Contracts, 434, the rule is stated as follows : "A moral obligation to pay

36

[Grimball v. Mastin.]

money, or to perform a duty, is a good consideration for a promise to do so, when there was originally an obligation to pay the money, or to do the duty, which was enforceable at law but for the interference of some rule of law. Thus, a promise to pay a debt contracted during infancy, or barred by the statute of limitations, or bankruptcy, is good, without other consideration than the previous legal obligation." A mere moral obligation is not sufficient—there must have been a valuable consideration creating a pre-existing duty or obligation, barred by some positive rule of law.— *Vance v. Wells*, 6 Ala. 737; *Turlington v. Slaughter*, 54 Ala. 195; *Wolffe v. Eberlin*, 74 Ala. 99.

It is not necessary that there should have been a prior legal obligation on *the promisor*, which could have been enforced against him at law. In *Vance v. Wells*, 8 Ala. 399, it was held, that a note signed by a married woman, who had a separate estate, for goods furnished, created a moral obligation to pay the debt, which could be enforced at law, upon her subsequent promise after coverture ceased. The debt due by the testator was a statutory charge on the lands devised, and was enforceable, in a proper case, by proper legal proceedings. The effect of the statute is to bind the lands for the payment of all debts, to the same extent that debts by specialty bound real assets in England.—*Lightfoot v. Lightfoot*, 27 Ala. 351. Taking an estate subject to a debt or charge, is a sufficient consideration for a promise to pay the debt. When the devisees took the devised lands, they took them subject to the debts of the testator. There was created a moral obligation to pay the debt due by the testator, and a charge on the lands for its payment, which was enforceable before the remedy was barred by the statute of limitations. Had the devisees made a promise in writing to pay the debt, and executed a mortgage to secure its performance, before the bar of the statute was complete, there would have been no question of the sufficiency of the consideration. The statute of limitations is a defense personal to them, which they may set up or waive. By the execution of the mortgage, the defense was waived. When there is a waiver of the bar, the mortgage has the same force and effect as if it had been executed before the bar was complete. In so holding, we have assumed as true the averment of the bill that the note of Mastin and Donegan was given as collateral security for, and not in payment of the debt.

In *Bolling v. Munchus*, 65 Ala. 558, it was observed: "We may pass over all other considerations recited in the mortgage, than that of one dollar, the receipt of which is acknowledged by the mortgagor. It is an elementary principle of the law of contracts, applicable to every form of contracts, and in all

courts, that if a consideration is *valuable*, it need not be *adequate*. There can be no inquiry into, and no adjustment of the value of the consideration, in the absence of duress, or of fraud, or of some confidential relation existing between the parties. . . . The law is satisfied, whenever there is a valuable consideration, supporting an executory contract the promisor is required to perform. And if there be no fraud, or imposition, the least consideration will support a contract deliberately made, with full knowledge of all the circumstances.". In support of this, *Lawrence v. McCalmont*, 2 How. 426, is cited, where it was held that an expressed consideration of one dollar paid was sufficient to support a guaranty of £10,000. There can be no doubt that any valuable consideration, however small, will support an executory contract; but it must be a consideration *really* paid, or agreed to be paid, not nominal or fictitious—understood by the parties to be the consideration, or a part. The mortgage recites a consideration of " *the sum of ten dollars to us in hand paid*," and acknowledges its receipt. *Prima facie*, the recital shows a valuable and real consideration, and its actual payment. In the absence of opposing proof, the consideration would be held sufficient to support the mortgage, and we must so hold on demurrer for want of consideration.

The bill is inartificially drawn—not sufficiently certain and explicit in some averments, and defective in some other respects. These may be remedied by amendment. We have considered only the causes of demurrer assigned.

It results, that the demurrer should have been sustained, as to the defendants who did not join in the mortgage, and overruled as to the others.

Reversed and remanded.