## LAY v. THOMPSON.

### Opinion delivered September 27, 1920.

1. EXECUTORS AND ADMINISTRATORS—DEMAND ON ADMINISTRATOR.— Evidence held to sustain finding that a properly authenticated demand was presented to the administrator.

2. EXECUTORS AND ADMINISTRATORS—VERIFICATION OF COMPLAINT.— Where a properly authenticated and verified statement of an account, as required by Kirby's Digest, § 114, has been presented to defendant administrator in apt time, it was not necessary that the affidavit attached to the complaint based on such claim should conform to the statute.

3. EXECUTORS AND ADMINISTRATORS—PAYMENT OF CLAIM.—Evidence held to support finding that a claim against an estate is due and unpaid.

Appeal from Searcy Chancery Court; *Ben F. McMahon*, Chancellor; affirmed.

*S. W. Woods,* for appellant.

1. A properly authenticated demand was not presented to the administrator until more than two years after the appointment of the administrator and the claim and suit are barred by limitation. The burden was on appellee to show that he had complied with this section. *Ib.,* § 113.

2. No notice of the claim was served on the administrator. The complaint was not properly verified. 105 Ark. 95. The statute requiring the production of the affidavit is mandatory. The complaint is not properly verified. 149 S. W. 60; 75 Ark. 72; 43 *Id.* 307.

*E. G. Mitchell* and *Guy L. Trimble,* for appellee.

1. No sufficient abstract has been filed by appellant. 92 Ark. 215; 88 *Id.* 449; 75 *Id.* 571; 110 *Id.* 7.

2. A duly authenticated claim was presented to the administrator within the time prescribed by law and a

copy duly served and the complaint was duly verified, as the evidence shows. This was a suit in equity by appellee against his partners, one of whom was dead, and it was not necessary that the claim be authenticated. 19 Ark. 443.

3. This case was heard upon oral testimony reduced to writing, and the chancellor's decision upon conflicting testimony is very persuasive if not convincing and conclusive on appeal. 102 Ark. 51.

SMITH, J. Appellee, Rainbolt, Lay, McClain and Robinson, owned a zinc mine, which they leased to one Sheppard, who paid them a royalty of twelve per cent. on the gross output of the mine. Rainbolt was the active partner in the business and collected and distributed the royalties—after turning over to Robinson the bills from the company to which the ore was sold. Rainbolt died, and Lay became his administrator, and assumed the general charge of the business which Rainbolt had exercised in his lifetime.

Appellee contended that at the time of Rainbolt's death the sum of $900.85, collected as royalties, had not been distributed, of which sum $180.17 was due him. Rainbolt died July 24, 1915, and Lay was appointed administrator of his estate September 16, 1915, and is still acting in that capacity.

Appellee filed a claim with Lay, as administrator, within a few weeks after the letters of administration had issued, and on the 25th of September, 1917, brought this suit.

This suit was begun in the chancery court, and, in addition to the prayer for judgment against the administrator, there was a prayer in the alternative against the other owners of the mine—who were made parties—for a judgment for the proportionate part of the royalties which they had received. A demurrer filed by these other owners was sustained, and upon a final hearing judgment was rendered against the administrator, from which is this appeal.

It is first insisted that a properly authenticated demand was never presented to the administrator. But the administrator admitted that appellee had presented to him "a claim on the regular form," and that this was done shortly after the letters of administration had issued, and that when he later examined it and saw what it was he threw it into the waste basket. Appellee testified that the clerk of the probate court assisted him in making up the demand, and that the clerk used a printed form which he had for that purpose, and that the clerk took his affidavit. After waiting until November 17, 1916, appellee wrote Lay as follows: "I am writing to know if you have the Rainbolt estate settled up yet or not. Please let me know in regard to the matter. If you have it settled up, you can just place the $180.17 to my credit at the bank. If not, let me know when you will settle it." On the back of this letter, without date, Lay wrote: "In answer to yours on the reverse side of this sheet, will say that have made no settlement with any of the creditors yet. Have not been able to get money enough together. Am now fixing to sell the land over there to settle."

We think this testimony supports the finding that a properly authenticated demand was presented to the administrator.

It is next insisted that the complaint itself was not properly verified, in that it did not contain an affidavit of its justness, and that nothing had been paid or delivered toward the satisfaction of the demand except what is credited thereon, and that the sum demanded is justly due, as required by section 114 of Kirby's Digest.

A similar contention was made in the case of *Lasker-Morris Bank & Trust Co.* v. *Gans*, 132 Ark. 410; but answering that contention, we there said: "The form of the affidavit attached to the complaint, which we set out above, does not conform to the requirements of section 114 of Kirby's Digest, which prescribes the form of affidavit to be made to a demand against the estate of a de-

ceased person.   It appears, however, from the pleadings in the case, that a properly authenticated and verified statement of the account had been presented to the administrator in apt time, and that the same had been disallowed, and that the affidavit attached to these demands fully complied with section 114, Kirby's Digest.   This sufficiently complied with the law.''

It is finally urged that the testimony does not support the finding of the chancellor that the deceased owed the money sued for; and this insistence presents the serious question in the case.

Lay offered in evidence a receipt for $325 paid by him to appellee, the recitals of which apparently covered the demand sued on.   But Lay admitted that he did not undertake to settle with appellee for any royalties collected by Rainbolt.

Appellee testified that he made up the account on which he based his demand by checking over the bills for the ore in the hands of Robinson.   Robinson denied that he checked the bills with appellee; but the bills for the ore, which were in Robinson's possession, were not produced at the trial, and no effort was made to show by the bills that the demand was not correct.

Upon a consideration of all the testimony, we are unable to say that the finding of the court below is clearly against the preponderance of the evidence, and the decree is, therefore, affirmed.