IN RE DEMOREST'S ESTATE
KOHLER-McLISTER PAINT CO. v. RAFFERTY
(No. 1575; Jan. 15, 1930; 283 Pac. 1097)

For the appellant there was a brief and oral argument by *George W. Ferguson* of Thermopolis, Wyoming.

For the respondent there was a brief and oral argument by *W. J. Wehrli* of Casper, Wyoming.

*George W. Ferguson* in reply.

RINER, Justice.

This case is before the court by direct appeal from an order made by the District Court of Natrona County, in probate, directing the sale of certain real property owned by the Estate of Hannah M. Demorest, deceased. The order of sale was made upon written application of the respondent, The Kohler-McLister Paint Company, and over the objections of the appellant, M. W. Rafferty, as Administrator of said estate.

The respondent, in its application for the order of sale, alleged its status as a creditor of the estate whose claim

had been allowed, and hence, under Section 6931, Compiled Statutes of Wyoming 1920, insisted it was entitled to have the order in question made. Appellant denies respondent's standing as a creditor of the estate, his contention being substantially that the respondent's claim against the estate was never presented to the administrator for allowance as required by law and was never allowed by him.

Respondent filed a motion to dismiss the case in this court, urging that the record herein does not show that the order appealed from was entered on the journal of the trial court, nor the date of such entry. Previous decisions of this court dismissing cases here where such a condition prevailed are invoked. We have carefully examined this record, however, and are of the opinion that sufficient is disclosed by it to enable us to reach the conclusion that the facts are not as relied upon by the motion, and it must therefore be denied.

Turning to the principal point in dispute between the parties, i. e. whether or not respondent's claim was presented and allowed by the administrator, the question arising under Section 6887, Compiled Statutes of Wyoming 1920, before its subsequent amendment (Laws of 1925, c. 93) and Section 6889, it appears that the trial court, before entering the order complained of, conducted a hearing and received evidence concerning the objections interposed by appellant to the granting of such order. Among the proofs submitted were the original claims of respondent, which seem to have been fastened with clips to the file of the estate in the clerk's office of the District Court of Natrona County, but apparently not marked filed, said claims possessing endorsements on the back thereof showing the county, the name of the estate, the name of the claimant and the blank forms reciting presentation and allowance filled in with the date October 4, 1922—all written out in the handwriting of the attorney

for the administrator, George W. Ferguson. The blank spaces appearing under these endorsements for the signature of the administrator were, however, unused.

The record shows also, that letters of administration were granted appellant November 25, 1921, and that a notice to creditors was published, wherein it was stated that "all persons having claims against the said estate are hereby required to exhibit them, with the necessary vouchers for allowance, to the undersigned at the office of Geo. W. Ferguson, rooms 22-23, Townsend Bldg., Casper, Wyoming," within the time required by law.

Testimony was given at the hearing that sometime after November or December, 1926, at various conversations between representatives of respondent and Mr. Ferguson, the latter told them that he (Ferguson) had the claims of The Kohler-McLister Paint Company, and that they were claims against the estate. Mr. Ferguson, called as a witness by respondent, testified that these claims had been in his possession in the past, but that he was unable to recall the date of such possession. He did not deny that the claims had been presented and allowed by the administrator.

Further, there were received in evidence and appear in this record, a report of the administrator M. W. Rafferty, filed in court March 20, 1926, and a petition by him for authority to mortgage real estate of the Hannah M. Demorest Estate, which was filed August 30, 1926. The first of these documents, among other statements, contains the following:

"That there are unpaid claims against the estate of said deceased, which have been approved by this administrator with the will annexed, and which are valid and existing claims against said estate, as follows, to-wit: * * * "The Kohler-McLister Paint Co., Indebtedness of John A. Demorest, guaranteed by deceased, $664.00"

This report is signed by M. W. Rafferty, as Administrator, and verified by him in the following language:

"that he is the administrator with the will annexed of the estate of said deceased; that he has read the foregoing report and account, and knows the contents thereof; and that the same and the statements therein contained are true."

The petition for authority to mortgage the real estate incorporates therein a statement to the following effect:

"That the indebtedness against said estate, the expenses of administration and the legacy provided for in the will of said deceased are as follows, to-wit: * * * "The Kohler-McLister Co., Guaranteed for John Demorest, $664.00"

This document likewise bears Mr. Rafferty's signature as Administrator, and is also positively verified by him in the form above quoted. The administrator did not, at the hearing, deny the presentation of these claims or their allowance. In fact he did not testify at all.

The court, upon the conclusion of the hearing, found that a sale of the real estate belonging to the estate, was necessary for the payment of petitioner's claim and other debts against the estate and expenses of administration, that the petition should be granted, and the order of sale now under consideration was consequently made.

For the appellant, the cases of O'Keefe v. Foster, 5 Wyo. 343, 40 Pac. 525; Delfelder v. Farmers State Bank of Riverton, 38 Wyo. 481, 269 Pac. 418, 270 Pac. 1081, and decisions of similar purport, dealing with the necessity of presentation of claims to the executors and administrators of estates, have been cited at length. However, the real question now presented is, we think, whether the trial court correctly interpreted the evidence before it when it concluded that a due presentation and allowance of re-

spondent's claim had been made—an inference necessarily flowing from the fact of making the order of sale attacked.

It has been held under statutes similar in phraseology to those in force in this state which govern this matter, that where a certain place is designated for the presentation of claims to the personal representative, presentation at that place is sufficient, although the representative is not there to receive the claim. Roddan v. Doane, 92 Cal. 555, 28 Pac. 604, 605; and see Douglass v. Folsom, 21 Nev. 441, 33 Pac. 660.

In the California case cited above the notice to creditors required them to present their claims against the estate at the office of one McGraw, who was then the attorney for the administratrix of the estate. The claim involved was left by claimant at his office with the attorney's clerk, neither the attorney nor the administratrix being present. Holding this to be a sufficient presentation, the court said:

"Here the administratrix certainly did not expect to remain at McGraw's office; and it seems necessary to hold either that such a presentation is good in her absence, or that such a notice is void. We think it must be held that such a presentation is good. We see no point in the suggestion that the claim was left with the clerk. The Code requires that it be presented to the administrator, and does not authorize the attorney to act for him. It follows, also, that it must be held that the claim was presented when left at the office. It is important for the claimant to know when the claim was presented and to be able to prove such fact. The administrator cannot prejudice the claimants by requiring claims to be left with his attorney, to be by him presented at his convenience, or not at all."

In Lay v. Thompson, 145 Arkansas 194, 224 S. W. 433, the effect of admissions of an administrator relative to the presentation of a creditor's claim to him, was discussed and the court said on the subject:

"It is first insisted that a properly authenticated demand was never presented to the administrator. But the administrator admitted that appellee had presented to him "a claim on the regular form," and that this was done shortly after the letters of administration had issued, and that when he later examined it and saw what it was he threw it into the waste basket. Appellee testified that the clerk of the probate court assisted him in making up the demand, and that the clerk used a printed form which he had for that purpose, and that the clerk took his affidavit. After waiting until November 17, 1916, appellee wrote Lay as follows:

" 'I am writing to know if you have the Rainbolt Estate settled up yet or not. Please let me know in regard to the matter. If you have it settled up, you can just place the $180.17 to my credit at the bank. If not, let me know when you will settle it.'

"On the back of this letter, without date, Lay wrote:

" 'In answer to yours on the reverse side of this sheet, will say that have made no settlement with any of the creditors yet. Have not been able to get money enough together. Am now fixing to sell the land over there to settle.'

"We think this testimony supports the finding that a properly authenticated demand was presented to the administrator."

In Grimball v. Mastin, 77 Ala. 553, also, the court had occasion to consider the effect to be given admissions of personal representatives contained in a mortgage executed by them during the course of administration, as such admissions bore on the matter of presentation of a claim, and the following language was employed:

"In the matter of the presentation of claims, the executor represents the whole estate; and his acknowledgement that a claim was presented within the time required by statute is evidence of the fact, which is not impaired by his subsequent resignation. Starke v. Keenan, 5 Ala. 590. The admission is of equal value as evidence, whether made before or after the expiration of the time for presentment, if he was the acting executor when it was made. In Pharis

v. Leachman, 20 Ala. 662, it was said: 'The admissions of the administrator, Leachman, made by him during the continuance of his representative character, although after the expiration of the eighteen months from the grant of letters, are evidence of the fact of presentation; and if they are to be regarded as evidence of this fact against the administrator, they are equally evidence of the same fact against the other parties. * * * It is true, there is no direct admission, or acknowledgement, that the claim was presented; but the recitals of the mortgage contain admissions that the demand is a subsisting debt, and acknowledge the present liability of the estate. These admissions are untrue, if the debt was barred by the statute of non-claim, or were made in ignorance of the operation of the statute; for by the bar it was *extinguished*. We are not authorized, on demurrer, to presume either of these alternatives. We must treat the admissions as true; and so considering them, must regard the debt as an existing and enforceable liability of the estate, so far as its validity is affected by the statute of non-claim.''

See also Starke & Moore v. Keenan's Executors, 5 Ala. 590, and Pharis v. Leachman, Administrator, 20 Ala. 662, referred to in the quotation last above made.

Under these authorities and the facts before it which have previously herein been outlined, we think the trial court was fully warranted in concluding that there had been a sufficient presentation to and an allowance by appellant of respondent's claim. The endorsements on the claims themselves in the handwriting of Mr. Ferguson, dated October 4, 1922—a date within the year provided by law for the presentation of claims against the estate— at whose office the notice to creditors published by the appellant directed claims to be presented, and the clear and positive admissions of the appellant of the validity of the respondent's claim made to the court under oath, in his official report and also in his official application for authority to mortgage real property of the estate, when considered with the utter absence of any testimony by him or his attorney denying the presentation or allow-

ance of the claim, left the District Court of Natrona County little room to do otherwise than it did.

Something was said in a so-called reply brief of appellant to the effect that the verification of respondent's claim was insufficient under the law, but as this point was not raised nor discussed in the briefs of the parties filed under our rules, it is waived. Phillips v. Brill, 15 Wyo. 521, 90 Pac. 443; Bank v. Ludvigsen, 8 Wyo. 230, 56 Pac. 994, 57 Pac. 934, 80 Am. St. Rep. 928.

In our judgment the order of sale appealed from was properly made and it accordingly will be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.